[Civil No. 704.   Filed March 28, 1900.]

[60 Pac. 720.]

THE NATIONAL FIRE INSURANCE COMPANY, Defendant and Appellant, v. DANIEL H. MING, Plaintiff and Appellee.

1. INSURANCE—DEFENSE—GARNISHMENT—SITUS OF DEBT—JURISDICTION —ACTION IN REM.—Plaintiff in Arizona sued defendant on an insurance policy. Defendant set up as a defense that it was engaged in a general fire-insurance business, with its general offices in San Francisco, where the general manager conducted all business and kept all funds for the payment of losses; that after receipt of plaintiff's proofs of loss, plaintiff's California creditors brought suit against it, service being had on plaintiff by publication, and garnished, under the attachment laws of the state of California, the amount due plaintiff upon his policy of insurance, and that upon judgment against plaintiff in said suits defendant discharged its liability to plaintiff by paying to plaintiff's creditors in garnishment proceedings the full amount due plaintiff upon his policy of insurance. *Held,* that the *situs* of the debt was in California, subject to garnishment by plaintiff's creditors, and therefore payment under said garnishment proceedings was a defense to plaintiff's action.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. F. M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Moorman & McFarland, for Appellant.

By complying with the laws of California in the appointment of an agent upon whom service may be had, appellant became a resident to the same intent and purposes as a domestic corporation. Pol. Code California, secs. 608, 616; Black on Judgments, sec. 910; *Dittenhoefer* v. *Cœur d'Alene Clothing Co.,* 4 Wash. 519, 30 Pac. 660; *Mooney* v. *Buford & George Mfg. Co.,* 72 Fed. 32, 18 C. C. A. 421; *St. Clair* v. *Cox,* 106 U. S. 350, 1 Sup. Ct. 354; *Barry* v. *King,* 96 Pa. St. 485; *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Christmas* v. *Russell,* 5 Wall. 290.

The California courts had jurisdiction of the person of the appellant and the subject-matter of the suits, and "the credits, debts, or property" of appellant were attached. Then, the only legal conclusion at which the court could have

arrived would be, that the California courts, having complete jurisdiction in the attachment proceedings over the person of the appellant and the subject-matter of the suits, and the *res* having been seized as provided by the California code, appellee, Ming, could not recover because appellant's liability under these attachment proceedings and its discharge by payment to the judgment creditors is a complete bar to this action. *Carter* v. *Los Angeles Nat. Bank,* 116 Cal. 370, 48 Pac. 332; *Neufelder* v. *German-American Ins. Co.,* 6 Wash. 336, 36 Am. St. Rep. 166, 33 Pac. 870; *Cooper* v. *Reynolds,* 10 Wall. 308; *Paine* v. *Moorland,* 15 Ohio, 436; *Union Pacific Ry. Co.* v. *Baker,* 5 Kan. App. 253, 47 Pac. 563; *Hahn* v. *Kelly,* 34 Cal. 391; *Freeman* v. *Alderson,* 119 U. S. 185, 7 Sup. Ct. 165; *Mutual Life Ins. Co.* v. *Harris,* 97 U. S. 331.

The liability of the appellant under the attachment proceedings is determined by the laws of California. *Renaud* v. *Abbott,* 116 U. S. 277, 94 Am. Dec. 742, and note; *Cheever* v. *Wilson,* 76 U. S. 108; *Chew* v. *Brumagen,* 80 U. S. 497.

E. J. Edwards, for Appellee.

The judgments obtained against Daniel H. Ming, the appellee, in California, are absolutely void. *Pennoyer* v. *Neff,* 95 U. S. 714; *St. Clair* v. *Cox,* 106 U. S. 350, 1 Sup. Ct. 354.

The appellant is a foreign corporation, and has no residence outside of the state of its creation. *Bank of Augusta* v. *Earl,* 13 Pet. 519; *Insurance Co.* v. *French,* 18 How. 404; *Railroad Co.* v. *Koontz,* 104 U. S. 12; *Shaw* v. *Quincy Min. Co.,* 145 U. S. 144, 12 Sup. Ct. 935; *Filli* v. *Delaware, L. and W. R. Co.,* 37 Fed. 65; *Fales* v. *Chicago, M. and St. P. Ry. Co.,* 32 Fed. 678.

The *situs* of the debt owing to Ming from the appellant was in Arizona. *Reimers* v. *Seatco Mfg. Co.,* 70 Fed. 573; *Douglas* v. *Insurance Co.,* 138 N. Y. 209, 34 Am. St. Rep. 448, 33 N. E. 938; *Everett* v. *Walker,* 4 Colo. App. 509, 36 Pac. 616; *Bowen* v. *Pope,* 125 Ill. 28, 8 Am. St. Rep. 330, 17 N. E. 64; *Haggerty* v. *Ward,* 25 Tex. 144; *Renier* v. *Hurlbut,* 81 Wis. 24, 29 Am. St. Rep. 850, 50 N. W. 783; *Williams* v. *Ingersoll,* 89 N. Y. 508; *Central Trust Co.* v. *Chattanooga,* 68 Fed. 685; *Illinois Cent. Ry. Co.* v. *Smith,* 70 Miss. 344, 35 Am. St. Rep. 651, 12 South. 461; *Wyeth Co.* v. *Lang,* 127 Mo. 242, 48 Am. St. Rep. 626, 29 S. W. 1010.

The appellee's claim against the appellant was a mere chose in action, and not subject to attachment in the state of California. *Atchison, T. and S. F. Ry. Co.* v. *Maggard,* 6 Colo. App. 85, 39 Pac. 985; *Everett* v. *Connecticut Mut. Life Ins. Co.,* 4 Colo. App. 509, 36 Pac. 616; *Douglas* v. *Insurance Co.,* 138 N. Y. 209, 34 Am. St. Rep. 448, 33 N. E. 209; *Pinney* v. *McGregory,* 102 Mass. 186; Brown on Jurisdiction, sec. 150.

The appointment of an agent by the National Fire Insurance Company in California, on whom service of process could be made, so as to enable it, under the laws of the state, to do business therein, in no sense changes its domicile so as to make a debt owing by it to a resident of Arizona an indebtedness existing in California. *Denton* v. *International Co.,* 36 Fed. 3; *Railroad Co.* v. *Koontz,* 104 U. S. 12; *Fales* v. *Chicago, M. and St. P. Ry. Co.,* 32 Fed. 678.

SLOAN, J.—On the seventh day of June, 1897, the appellee, Daniel H. Ming, obtained a policy of insurance from the appellant, the National Fire Insurance Company, a corporation organized under the laws of the state of Connecticut, and doing a general fire-insurance business in Arizona, on a certain store-building situate in Fort Thomas, Graham County, Arizona, in the sum of fifteen hundred dollars. On the ninth day of June, 1897, the building insured was totally destroyed by fire. The amount due on said loss not having been paid to Ming, he brought suit in the district court of Graham County against the insurance company to recover upon the policy the amount of the insurance. The company set up as a defense that at the time the policy was issued, and ever since, it was engaged in a general fire-insurance business in Arizona and the several states on the Pacific Coast; that it had a general agent and office in San Francisco for the management of its Pacific Coast business, and that George D. Dornin was such general agent; that the scope of Dornin's agency included the entire control, management, and transaction of the business of defendant within said territorial limits; that the funds for the payment of losses within said territory were kept by him in San Francisco, and disbursed by him, in the conduct and management of defendant's business, as occasion might require; that the defendant has local agents in the several states and territories to receive applications and

countersign policies, but these have no authority to pay or settle losses; that after the destruction of the building by fire, and the proof of loss by plaintiff, creditors of Ming in California brought suits in the superior court of the city and county of San Francisco, and in the justice courts of said city and county, on personal debts due and owing to them from said Ming, and in the said suits garnished, under the attachment laws of the state of California, the amount due Ming, upon said policy of insurance, the funds for the payment of which were alleged to have been then and there in the hands of, and under the control of, George D. Dornin, the general agent of the company; that due service was had upon Ming in the several suits by publication, and the deposit in the post-office at San Francisco of a copy of the summons issued in each of said suits, duly addressed, with postage prepaid, to Ming, at his residence in Arizona; that judgments were obtained in each of said suits against Ming, whereupon, and before the commencement of this suit, defendant discharged its liability to Ming by paying to one W. Rigby, the attorney of record for the several plaintiffs in the said several causes, under and by virtue of said attachment proceedings, the sum of fifteen hundred dollars, the same being the debt due Ming on account of said policy of insurance; and that by reason thereof, the defendant alleged, it had fully discharged and satisfied its liability to Ming under and by virtue of the said policy of insurance. The trial court found the facts substantially as alleged in the answer of the defendant, and gave judgment for the plaintiff, upon the ground that the California courts did not acquire jurisdiction by virtue of the garnishment proceedings against Dornin, the general agent of the company. The sole question presented by the record, therefore, is whether the payment of the amount due Ming on the policy of insurance by the general agent of the company in discharge of the garnishments issued in the suits brought by the California creditors of Ming constitutes a defense to this suit.

In was essential to the jurisdiction of the California courts that personal service within the state was had on Ming, or that property belonging to him was seized and brought under the control of those courts by attachment or garnishment. *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565. A debt is such

property, and, if attached, will confer jurisdiction upon the court to subject it to the payment of its judgment against a defendant not personally served. The *situs* of a debt for purposes of garnishment has, however, been a vexed question, and has been variously answered. Some courts hold that the *situs* of a debt is at the residence of the creditor; others, that it is at the residence of the debtor; and still others, that it is wherever it is payable. In the case of *Railroad Co.* v. *Sturm,* 174 U. S. 710, 19 Sup. Ct. 797, 43 L. Ed. 1144, the supreme court has settled the question for this court by deciding that the *situs* of a debt for purposes of attachment and garnishment, following the policy of the law which protects home creditors through administration proceedings, is at the domicile of the debtor, or wherever the latter may be found and sued by the creditor. Under this decision it follows, therefore, that if Ming could, under his policy of insurance, have sued the insurance company in California, and recovered his loss there, then the California creditors could have attached the debt, and subjected it to the payment of their claims against Ming. We are not able to find any adjudications of the supreme court of California which decide the question whether, in that state, a non-resident will be permitted to maintain an action *in personam* upon a debt contracted and payable in another state, against a foreign corporation having an agent there upon whom process may be served. The California statutes appear to be silent upon the subject. Those states which have denied the privilege to a non-resident to sue a non-resident in the domestic courts place the refusal to entertain such suits upon the ground, largely, that there is a want of jurisdiction in the domestic tribunals over the subject-matter of such suits. While this might be true in a certain class of cases, this reasoning cannot apply to such suits as are transitory in their nature, and which, using the language of Parsons, ''accompany the creditors everywhere, and authorize a demand upon the debtor everywhere.'' If by local statute a foreign corporation may be served by process upon an agent appointed for that purpose, the better reasoning appears to be with those cases which hold that, in a suit brought by a non-resident to collect a debt contracted in another state, service upon the agent of the foreign corporation sued will confer jurisdiction upon the local tri-

bunal, both of the person of the defendant and of the subject-matter. *Johnson* v. *Insurance Co.*, 132 Mass. 432. It is, however, unnecessary to decide the precise question whether, under the law of California, Ming could have sued and maintained a purely personal action against the insurance company by service upon its agent there; for the reason that, under the pleadings and proof in this case, Dornin, the general agent of the company, had funds belonging to the company in his possession and under his control in San Francisco, which, under the laws of California, were attachable. Ming could, therefore, have maintained, by attaching this money or effects of the company in the hands of the general agent, a suit in California, which would be one in the nature of an action *in rem*. If, then, the courts of that state were open to Ming, they certainly were to his California creditors; for under no conceivable circumstances would a domestic tribunal deny to a resident suitor a privilege which it would grant to a non-resident suitor. There are cases which hold that it is the duty of the garnishee to notify the non-resident defendant of the pendency of the garnishment proceedings, and if he fails to do this, and the defendant be not otherwise notified, the former may not protect himself against a suit by the latter in another state by setting up payment under the garnishment. *Morgan* v. *Neville*, 74 Pa. St. 52; *Pierce* v. *Railroad Co.*, 36 Wis. 283. An examination of the cases just cited will show that the debts garnished were exempt under the laws of the state where the non-resident defendants resided, and the reasoning in each proceeds upon the view that the non-resident defendant was denied, through the failure of his debtor to notify him of the garnishment proceedings, the right to claim such exemption at the forum. This view must necessarily rest upon the doctrine that exemption laws are a part of the contract,—a doctrine which the supreme court, in the Sturm case, cited above, disposes of in the following language: "Exemption laws are not a part of the contract. They are a part of the remedy, and subject to the law of the forum." There might be other defenses which a non-resident defendant, if notified of the suit, might make which would defeat a recovery. Should it appear that this is the case, and the garnished debtor took no steps to protect his creditor or notify him, it seems reasonable that he ought not to be per-

mitted to avail himself of the defense of payment under the garnishment proceedings. It is conceivable, too, that a defendant might have knowledge that a suit has been brought against him in another state, and yet, relying upon want of jurisdiction in the foreign court over his person, or deterred by the expense of litigating such suit, might forego to defend against it and set up even a valid defense, which he otherwise would do, were he notified that the plaintiff in the suit was proceeding to condemn his property. The record in this case is silent as to whether Ming was notified of the garnishment proceedings in the California suits, or obtained actual knowledge of their pendency. No point seems to have been made upon this want of knowledge, if it existed; nor does it appear that Ming had any valid defense to any of these suits. His case is presented here, as doubtless in the court below, solely upon the one point,—that of want of jurisdiction in the California courts to render judgment against him without personal service within the state; and this we hold, under the authority of the Sturm case, not to have been well taken. The latter case was not in print at the time of the decision of this case, and the learned judge who rendered the decision did not, therefore, have its guidance in the determination of this much-mooted and heretofore unsettled question. The judgment is reversed, and the cause remanded for new trial.

Street, C. J., and Davis, J., concur.