KANSAS CITY, PITTSBURG & GULF RAILWAY COMPANY *v.* PARKER.

Opinion delivered June 15, 1901.

GARNISHMENT—SITUS OF DEBT.—A citizen of the state can garnish a foreign railroad company operating its road within the state for a debt due to one of its employees for labor performed in the state, though the employee is a resident of a foreign state.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

*Read & McDonough,* for appellant.

Garnishment did not lie against appellant for the debt due in another state to a citizen of such other state. 78 Ala. 524; Ell. Railroads, § 634; 2 *id.* p. 888, note 1. There being no showing that the money was due the defendant in garnishment in Arkansas, garnishment did not lie against appellant. 8 Am. & Eng. Enc. Law, 1129.

WOOD, J. The appellee brought suit against one B. B. Gilham, obtained personal service, and recovered judgment against him. Gilham was a citizen of Missouri. Appellee also garnished the appellant for a debt due Gilham for work done for it in the state of Arkansas, and recovered judgment, from which this appeal is taken. The question is, can appellee, a citizen of Arkansas, garnish a foreign railroad corporation operating a railroad in this state for a debt due one of its employees for labor performed in the state of Arkansas, the employee being a citizen of Missouri?

There is great contrariety of judicial opinion on the question of the situs of debt for the purpose of garnishment. Prof. Minor, in his recent work on Conflict of Laws, after stating and reviewing the various theories held upon the subject, states the true theory to be that the situs of a debt, for purposes of garnishment, is not only at the domicil of the debtor, but in any state in which the garnishee may be found, provided the municipal law of that state permits the debtor to be garnished, and provided the court acquires jurisdiction over the garnishee through his vol-

S C—26

untary appearance or actual service of process upon him within the state. We concur in this view. For a full discussion of the question see Minor on Conflict of Laws, p. 270, chap. 10; Waples, Debtor and Creditor, *situs of debt,* §§ 171, 174, 176, 177, and authorities cited and reviewed therein; 14 Am. & Eng. Enc. Law, p. 801, *et seq.,* and cases cited.

The court had jurisdiction of the person of the principal debtor, and also jurisdiction of the railroad company, which, under our statute (since it operates a railroad in the state, and is presumed to have complied with the law), is to all intents and purposes a domestic corporation. Sand. & H. Dig., §§ 6326, 6327. So, from any view point, the judgment is correct, and must be affirmed. So ordered.