STONE *v.* DRAKE.

Opinion delivered June 18, 1906.

1. GARNISHMENT—SITUS OF DEBT.—A debt due from a foreign corporation to a non-resident, who is only constructively served with process, is subject to garnishment in a State in which such corporation does business, although the debt is not payable in that State, and did not arise out of business transacted therein.   (Page 387.)

2. EXEMPTION LAWS—LEX FORI.—Exemption laws are not part of the contract, but pertain to the remedy, and are subject to the law of the forum.   (Page 388.)

Appeal from Miller Circuit Court; *Joel D. Conway,* Judge; reversed.

STATEMENT BY THE COURT.

On the 13th day of July, 1901, the appellant, a citizen of Arkansas, commenced this action by filing before W. H. Rankin, a justice of the peace of Big Rock Township, Pulaski County, Arkansas, an account and bill of particulars, in the sum of $90.15, caused summons to issue for defendant, Walter Drake, which was returned on the 24th day of July, 1901, served, and on said 24th day of July, 1901, appellant recovered a judgment by default against said defendant in the sum of $90.15 and costs of the action, which judgment has never been satisfied.  On the 7th day of March, 1904, appellant caused a duly certified transcript of the proceedings had before W. H. Rankin, J. P., to be filed before W. J. Smither, a justice of the peace for Garland Township, Miller County, Arkansas, and caused a judicial garnishment to issue against the appellee, Texas & Pacific Railway Company, which writ of garnishment was returned duly served on the 22d day of March, 1904.  The appellee, as garnishee, on the 20th day of June, 1904, filed before W. J. Smither, J. P., its answer, admitting an indebtedness to the defendant, Drake, in the sum of $95.50, but stated that said sum of money was due for wages earned in the State of Texas, and that by the laws of that State same was exempt from garnishment or attachment, and that therefore the garnishee should not be held liable.

The appellant demurred orally to paragraph 3 of appellee's

said answer, which paragraph is as follows: "That said indebtedness of ninety-five dollars and fifty cents ($95.50), due by the garnishee, the Texas & Pacific Railway Company, to the defendant, Walter Drake, is for current wages earned by said defendant while in the employ of said garnishee in the State of Texas, and, under the Constitution and law of said State of Texas, exempt from garnishment and attachment; and therefore this garnishee ought not to be compelled to pay said sum into this court, or to be liable herein as garnishee, to the extent of such indebtedness," which demurrer the justice sustained, and, defendant failing to appear and claim said wages as exempt, said justice rendered judgment for appellant in the sum of $95.15.

On the 13th day of July, 1904, the appellee, Texas & Pacific Railway Company, filed its affidavit and bond, and appealed the case to the circuit court, where appellant again demurred to paragraph 3 of appellee's answer, and same was by said court overruled, and judgment rendered for appellee, the garnishment dissolved, and the garnishee discharged, and appellant prosecutes this appeal.

*Pratt P. Bacon,* for appellant.

This fund can not be garnished in Arkansas. Kirby's Digest, § 6070; 60 Iowa, 346; 14 N. W. Rep. 343; 45 Wis. 172; 19 R. I. 220. The wages are exempt under the law of Texas. Garnishment does not lie. 69 Ark. 401. See also on the subject 31 Kan. 180; 47 Am. St. 497; 83 Ala. 462; 3 So. Rep. 852; 25 *Id.* 258; 83 Iowa, 491; 102 Ill. 249; 157 *Id.* 176; 127 Mo. 244. The courts of Arkansas are under no obligation to enforce the exemption laws of Texas in a suit within the jurisdiction of its own courts. 83 Ala. 462; 3 So. Rep. 852; 31 Kan. 180; 47 Am. St. 498; 65 Iowa, 670; 87 *Id.* 567; 88 Tenn. 646; 21 Ala. 261; 33 S. W. Rep. 834; 97 Ky. 575; 31 S. W. Rep. 133. The exemption laws of one State can not avail a debtor in a suit in another. 20 W. Va. 450; 49 Iowa, 688; 18 Pick. 175; Drake, Attach. and Garn. 528. Exemptions are allowed to residents of this State. Kirby's Digest, § § 3903, 3904; 41 Ark. 249; 52 *Id.* 547; 54 *Id.* 226. They do not apply to non-residents. 52 Ark. 352.

*Glass, Estes & King* and *W. F. Kirby,* for appellee.

The default judgment is void, there being no service. Kirby's Digest, § 4424. A foreign corporation can not give a *situs* to its debt in every State in which it qualifies or does business. 145 U. S. 444, 36 Law Ed. 768; 146 U. S. 202; 190 U. S. 326; 8 Idaho, 74; 50 N. Y. 656; 84 *Id.* 157; 116 N. C. 804; 86 Wis. 281; 91 Me. 431; 40 Atl. Rep. 338.

The *situs* is essential to jurisdiction. 26 N. C. 223; 35 S. E. 471. Wages due from one non-resident to another non-resident are payable, as a matter of law, in the place where the labor was performed, the State of their common residence, and in such case there could be no property in this State subject to seizure. 68 Fed. Rep. 685. The railway company was not subject to garnishment proceedings, the wages being exempt by the laws of Texas. 92 Ala. 31; 79 So. Rep. 286; 78 Ala. 524; 6 Col. App. 85; 61 Miss. 237; 6 N. H. 497; 128 Ill. 28; 138 N. E. 209; 61 S. C. 361; 55 L. R. A. 146; 68 Fed. Rep. 685; 8 Am. & Eng. Enc. Law, 1129, 1130. See also 69 Ark. 401.

WOOD, J., (after stating the facts.) The question presented by overruling the demurrer to the third paragraph of appellee's answer is:

"Can appellant, a citizen of Arkansas, garnish the Texas & Pacific Railway Company, a foreign corporation of the State of Texas, that has a track and runs trains in Miller County, Arkansas, and has an agent there, for a debt due one of its employees for labor performed in the State of Texas, the employee being a citizen and resident of the State of Texas, and such wages by the laws of said State not being subject to garnishment?"

1. In *Kansas City, Pittsburg & Gulf Ry. Co.* v. *Parker,* 69 Ark. 401, we said: "The *situs* of a debt, for purposes of garnishment, is not only at the domicil of the debtor, but in any State in which the garnishee may be found, provided the law of that State permits the debtor to be garnished, and provided the court acquires jurisdiction over the garnishee through his voluntary appearance or actual service of process upon him within the State." True, the debt due by the railway company in that case was for labor performed in this State. But, in our opinion, that makes no difference. While, as we said in *Kansas City, etc., Ry. Co.* v. *Parker, supra,* there is great contrariety of judicial opinion upon the question, yet the doctrine there announced is sound, and sup-

ported by abundant authority. In addition to the authorities there cited, see Rood on Garnishments, § 245, and authorities cited in note. In *Harvey* v. *Great Northern Ry. Co.,* 50 Minn. 405, Judge Mitchell, speaking for the court, said: "While, by fiction of law, a debt, like other personal property, is for most purposes, as, for example, transmission and succession, deemed attached to the person of the owner, so as to have its *situs* at his domicil, yet this fiction yields to laws for attaching the property of non-residents, because such laws necessarily assume that the property has a *situs* distinct from the owner's domicil. For such purpose a debt has *situs* wherever the debtor or his property can be found. Wherever the creditor might maintain a suit to recover the debt, there it may be attached as his property, provided, of course, the laws of the forum authorize it."

Under our statute, Drake, the original defendant, a nonresident, could have maintained an action against the appellant for his wages in this State by giving bond. Section 959, Kirby's Digest.

Mr. Wharton, in his excellent work on Conflict of Laws, § 368a, cites the following cases as supporting the doctrine that a debt due from a foreign corporation to a non-resident who is only constructively served with process is subject to garnishment in a State in which such corporation does business, although the debt is not payable in that State, and did not arise out of business transacted therein. *Mooney* v. *Buford & G. Mfg. Co.,* 72 Fed. Rep. 32; *Nat. Fire Ins. Co.* v. *Ming* (Ariz.), 60 Pac. 720; *Lancashire Ins. Co.* v. *Corbetts,* 165 Ill. 592, 36 L. R. A. 640, 56 Am. St. Rep. 275, 46 N. E. 631; *Missouri Pac. R. Co.* v. *Flannigan,* 47 Ill. App. 322; *German Bank.* v. *American Fire Ins. Co.,* 83 Ia. 491, 32 Am. St. Rep. 316, 50 N. W. 53; *Pittsburg, C. C. & St. L. R. Co.* v. *Bartels,* 108 Ky. 216, 56 S. W. 152; *Howland* v. *Chicago, R. I. & P. R. Co.,* 134 Mo. 474; 36 S. W. 29; *Natl. Fire Ins. Co.* v. *Chambers,* 53 N. J. Eq. 468, 32 Atl. 663; *Fithian* v. *New York & E. R. Co.,* 31 Pa. 114; *Datz* v. *Chambers,* 3 Pa. Dist. Rep. 353; *Neufelder* v. *German-American Ins. Co.,* 6 Wash. 336, 32 L. R. A. 287, 36 Am. St. Rep. 166, 33 Pac. Rep. 870.

We have examined these cases, and they support the doctrine we have announced. See also to the same effect *Chicago, Rock Island & Pac. Ry. Co.* v. *Sturm,* 174 U. S. 710.

2. It is a well established rule that exemption laws are not a part of the contract. They pertain to the remedy, and are subject to the law of the forum. Wharton on Conflict of Laws, § 791a, and numerous authorities cited in note, among them *Chicago, R. I. & P. R. Co.* v. *Sturm,* 174 U. S. 710; 12 Am. & Eng. Enc. Law, 793, note; 18 Cyc. 1376. The amount due from appellant to Drake for wages was not exempt from garnishment under our laws. Appellee had obtained judgment against Drake. Section 3695, Kirby's Digest.

The judgment of the circuit court is reversed, and the cause is remanded with directions to sustain the demurrer to the third paragraph of appellant's answer, and for further proceedings not inconsistent herewith.