St. Louis Southwestern Railway Company *v.* Vanderberg.

Opinion delivered June 28, 1909

1. Defect of parties—waiver.—Under Rev. Stat. of Missouri (1899), § § 598, 602, where the defendant fails to raise the objection of a defect of parties, either by demurrer if the objection appears upon the face of the complaint or by answer if it does not so appear, the objection is deemed to be waived. (Page 254.)

2. Garnishment—situs of debt.—The situs of a debt for the purposes of garnishment is wherever the debtor may be found. (Page 255.)

3. Same—lien.—Service of process on a garnishee creates a lien in favor of the plaintiff on the money due from the garnishee to the defendant, and upon constructive service the court may ascertain the amount due from the garnishee to the defendant, and subject such money to the satisfaction of the plaintiff's claim. (Page 255.)

4. Exemptions—who may claim.—A garnishee sued in Missouri could not claim exemptions in behalf of a debtor residing in this State, the privilege being personal and available only by following the statutory procedure. (Page 255.)

5. Garnishment—when defense to suit on debt.—A railroad company, when sued in this State upon a claim in favor of an employee residing here, may defend on the ground that judgment against it had been previously served in a garnishment proceeding instituted in another State in favor of a creditor of plaintiff. (Page 255.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

## STATEMENT BY THE COURT.

The facts as shown by the pleadings and the agreed statement are substantially as follows:

The plaintiff, Vanderberg, and one J. R. Baker were citizens of Woodruff County, Arkansas. The plaintiff owed Baker a debt of $12.55. Baker assigned the debt to one H. J. Miller, a citizen of the State of Missouri.

The plaintiff at the time he contracted the debt was an employee of the defendant, which is a railway corporation, organized under the laws of the State of Missouri, and operated a line of road through the States of Missouri and Arkansas, and had an office and agent in the county of Jackson, State of Missouri, upon whom service in legal proceedings might be had.

The defendant on the 16th day of May, 1908, owed the plaintiff $17.46 for labor on its line of road in Arkansas, as a section hand, and it on that day discharged him. H. J. Miller, an assignee of J. R. Baker, had, however, on the 13th day of May, 1908, instituted an action against the plaintiff before J. R. White, a justice of the peace within and for the county of Jackson, and State of Missouri, and had seized and garnished the wages due the plaintiff by proper proceedings under the laws of that State, and on the 16th day of June, 1908, another summons and writ of garnishment were issued and duly served upon the defendant, and the debt which is owed the plaintiff was again seized and garnished as prescribed by the laws of the State of Missouri.

The plaintiff, Vanderberg, was advised of the institution of this suit. He made no effort to defeat it, or claim his exemptions, but on the 26th day of June, 1908, instituted this action. The justice of the peace court in Missouri at a later date rendered a valid judgment against this defendant for $12.55 and $5.21 costs, covering the entire amount due from the defendant to the plaintiff.

*S. H. West* and *J. C. Hawthorne,* for appellant.

For the purpose of garnishment the *situs* of a debt is at the domicil of the debtor. Refusal to permit a garnishment in another State to act as a bar to recovery against the debtor by the attachment defendant is a failure to give full faith and credit to the judgment of a sister State. 174 U. S. 710; 175 U. S. 396; 69

Ark. 401; 79 Ark. 384; 127 Mo. 242. Garnishment is in the nature of a proceeding *in rem,* creating a lien in favor of the plaintiff on money due from the garnishee to the defendant. Upon constructive service the court may ascertain the amount due from the garnishee and subject it to the satisfaction of plaintiff's claim. 3 Ark. 509; 69 Ark. 617. Exemption is a personal privilege, available only to the debtor, and cannot be set up by the garnishee. The procedure laid down by the statute, Kirby's Dig., § § 3904-05-06, is exclusive of all others. 25 O. St. 320; 67 Mo. 712; 125 Mo. 450; 79 Ark. 384; 82 Ark. 236; 174 U. S. 710. See also 99 Mo. App. 310; 43 Ia. 385; 25 O. St. 347; 198 U. S. 215.

*C. F. Greenlee,* for appellee.

1. Every action must be prosecuted in the name of the real party in interest. Kirby's Dig., § 5995. And upon assignment of a thing in action which is not authorized by statute the assignor must be made a party. *Id.* § 6000; 47 Ark. 548; 69 Ark. 66; 80 Ark. 168.

2. The creditor cannot assign his account against the debtor to a non-resident of the State, and thereby defeat the debtor's right and claim of exemptions under the laws of this State. When Vanderberg was discharged, he demanded of the foreman to send his pay to Hunter, Arkansas, and that became the *situs* of the debt. All the work was done in this State. Kirby's Dig., § 6649; 18 Cyc. 1377.

Wood, J. (after stating the facts). The judgment against appellant under the above facts was erroneous.

First. It is contended by appellee that, inasmuch as Baker, the assignor, was not made a party to the suit by the assignee, Miller, against the appellee, Vanderberg, and the appellant as garnishee, the judgment rendered against appellant in that sum can not defeat appellee's recovery in this suit. Section 598 of the Revised Statutes of Missouri provides: "The defendant may demur to the petition when it shall appear upon the face thereof that there is a defect of parties plaintiff or defendant." Section 602 provides: "When any of the matters in section 598 do not appear upon the face of the petition, the objection may be taken by answer. If no such objection be taken either by demurrer or

answer, the defendant shall .be deemed to have waived the same, etc.   1 vol. Revised Statutes of Missouri, 1899, pp. 252, 253.

Appellee failed to raise the objection of a defect of parties in the manner pointed out by these statutes, and has therefore waived same.

Second.   The *situs* of the debt sued on for the purposes of garnishment was in Missouri as well as Arkansas, as had been held by the Supreme Court of the United States and by this court.   *Kansas City, Pittsburg & Gulf Ry. Co.* v. *Parker,* 69 Ark. 401, and authorities cited; *Stone* v. *Drake,* 79 Ark. 384, and *Chicago, R. I. & P. Ry. Co.* v. *Sturm,* 174 U. S. 710, a parallel case where the principles controlling here are fully discussed. *Wyeth Hardware & Mfg. Co.* v. *Lang,* 127 Mo. 242.

Counsel for appellant correctly interprets our decisions when he says:   "Garnishment is in the nature of a proceeding *in rem;* service of the process on the garnishee creates a lien in favor of the plaintiff on the money due from the garnishee to the defendant, and upon constructive service the court may ascertain the amount due from the garnishee to the defendant, and subject such money to the satisfaction of the plaintiff's claim." *Desha* v. *Baker* (1842), 3 Ark. 509; *Johnson* v. *Foster* (1901), 69 Ark. 617; *Stone* v. *Drake, supra,* and *Chicago R. I. & P. Ry. Co.* v. *Sturm, supra.*

Third.   The exemption against the debt due Baker and assigned to Miller was a personal privilege which appellee alone could plead and prove.   It could not have been set up by the appellant, as garnishee, for the appellee in the suit against appellee and appellant in Missouri.

Exemption can not be pleaded by a garnishee in behalf of a non-resident defendant, and the defendant can only avail himself of his privilege by following the procedure prescribed by the statute.   Such is the law here and in Missouri.   *Dinkins* v. *Crunden-Martin Woodenware Co.,* 99 Mo. App. 310; Kirby's Digest, § § 3904-6.   See also secs. 3162-3, 3158, Rev. Statutes Mo. and in addition to authorities *supra, Baxley* v. *Laster,* 82 Ark. 236; *Conley* v. *Chilcote,* 25 Ohio St. 320; *Osborne* v. *Schutt,* 67 Mo. 712; *Garrett* v. *Wagner,* 125 Mo. 450.

While there is no showing that the judgment against appellant in Missouri had been paid at the time of the trial in this case

below, yet under the Revised Statutes of Missouri it was enforceable against appellant, and must be given the full faith and credit of a valid or enforceable judgment of a foreign State (Rev. Stat. U. S., § 905' (2 Ed.), and thus barring appellees of any right to recover here. · Secs. 3443, 3452, 4032, 4039, Revised Statutes of Missouri.

Appellee's contention is that the judgment is invalid, not that it was unpaid or unenforceable. The judgment is therefore reversed, and the cause is dismissed.