C. H. LANGDEAU, *Liquidator for the State Board of Insurance of the State of Texas vs.* NARRAGANSETT INSURANCE COMPANY.

JUNE 19 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is the claim of Fred Colagiovanni, Esquire, for a fee for legal services alleged to have been rendered to the respondent indirectly through advice given to the former director of business regulation, Louis V. Jackvony, Jr., as to his right to intervene and be appointed receiver in the above-entitled cause. After we had denied the claim in our original opinion, *Langdeau v. Narragansett Insurance Co.*, 94 R. I. 128, 179 A.2d 110, the claimant was given leave to reargue solely on the question whether we had overlooked or misconceived evidence of his rendition of legal services *in the intervention proceedings.*

Neither in his brief on reargument nor in his oral argument has he pointed out such evidence. The testimony concerning the advice which he gave to Director Jackvony prior to the intervention proceedings and upon which he chiefly bases his claim was considered and rejected in our original opinion because it was not probative of any legal services actually rendered in the intervention proceedings. As we observed in that opinion such advice was given before any steps were taken to intervene, and when they were taken on Director Jackvony's behalf they were commenced not by the claimant but by Attorney Herbert F. DeSimone.

We also noted in our original opinion that even after Director Jackvony was allowed to intervene he never did so. When his successor in the office of director did actually intervene and prosecute his claim to be appointed receiver the record of those proceedings discloses no instance of Mr. Colagiovanni's having rendered any legal services as to such successor. Indeed his claim for a fee for legal services in the receivership was expressly disallowed by Mr. Jackvony's successor. These facts have not been controverted; hence we must adhere to our decision previously filed and we now reaffirm our opinion that there is no

evidence in the record which would warrant our upholding the trial justice's award of a counsel fee to the claimant for legal services rendered in the intervention receivership proceedings.

The cause is remanded to the superior court for further proceedings in accordance with our original opinion.

*J. Frederick Murphy, John F. Cuzzone, Jr.,* for complainant.

*J. Joseph Nugent,* Attorney General, *Francis A. Kelleher,* Special Counsel, for General Treasurer.

*Aram A. Arabian,* for Receiver.

*Fred Colagiovanni,* pro se.

*Bruce M. Selya,* reargued case.