596

HARVEY G. COMBS, RECEIVER FOR UNITED AUTOMOBILE INS. CO. *v.* J. R. HADDOCK

5-4060                                            408 S. W. 2d 861

Opinion delivered December 12, 1966

*Nathan Gordon,* for appellant.

*C. Byron Smith, Jr.* and *Wright, Lindsey & Jennings* (By *Phillip S. Anderson, Jr.*), for appellee.

ED. F. McFADDIN, Justice. This appeal necessitates a study of certain statutory provisions in the Arkansas Insurance Code[1] concerning claims in the liquidation of a domestic insurance company.

---

[1]The "Arkansas Insurance Code" is Act No. 148 of 1959, and may be found in Ark. Stat. Ann. § 66-2001 *et seq.* (Repl. 1966). The Act is not a "uniform code" act, although portions of the Arkansas Insurance Code contain provisions taken from the Uniform Insurers Liquidation Act. These provisions are referred to in § 658 of the Act No. 148. See Ark. Stat. Ann. § 66-4821 (Repl. 1966).

The United Automobile Insurance Company (formerly named Victor National Casualty Company) is is now being liquidated by the appellant as Insurance Commissioner of Arkansas, acting under the orders of the Circuit Court of Sebastian County. This appeal involves a claim which appellee, J. R. Haddock, alleges is entitled to priority in the distribution of the assets of the insurance company. The trial court—in which the receivership and liquidation proceedings are pending— held that the appellee's claim was entitled to the prayed priority;[2] and the Insurance Commissioner prosecutes this appeal, listing only one point:

> "The trial court erred in holding that the claimant, Haddock, is the owner of a special deposit claim, and entitled to payment in full of his claim from the special deposit prior to the payment of any other claims against the insurer."

The cause was tried on stipulated facts, which we copy practically *in toto*:

> "1. On October 31, 1963, J. R. Haddock recovered judgment in the Circuit Court of Pulaski County, Arkansas, in the amount of $8,118.90 against the Estate of Don W. Tubbs, deceased. Don W. Tubbs was insured by United Automobile Insurance Company (formerly Victor National Casualty Company) under a policy that required the insurance company to defend the suit against the estate of the decedent and to pay the judgment. The attorneys who provided the estate with a defense on behalf of the insurance company filed notice of appeal but a supersedeas bond was not filed and the appeal was never perfected.

> "2. The judgment against the Estate of Don W. Tubbs was not paid within thirty days of notice of

[2]The judgment here challenged recites: "That J. R. Haddock is entitled to payment of his claim in full before the claims of other creditors of the special deposit fund are paid; . . . ."

the judgment to the insurer, and suit was filed by Haddock against the insurance company on December 6, 1963, in the Circuit Court of Pulaski County. The agent for service for the insurance company did not answer, and, on January 2, 1964, judgment by default was entered against the insurance company in the total amount of $11,191.25, which figure included a 12% penalty, costs, and an attorney's fee. "3. On January 13, 1964, Haddock caused a Writ of Garnishment to be issued to the Insurance Commissioner of Arkansas, which writ specifically sought proceeds in a special deposit fund required by Ark. Stat. Ann. § 66-2209 (b) (1963 Supp.). . . . The Insurance Commissioner answered the writ of garnishment by stating that he had a deposit of $50,000 in securities as required by law for the payment of claims against the insurance company. . . . On February 4, 1964, following a hearing that was attended by attorneys for Haddock and the Insurance Commissioner, the Pulaski Circuit Court entered judgment against the Insurance Commissioner on the writ of garnishment. The Commissioner was directed to give forty-five days' notice to the insurer as required by statute, and upon expiration of that time to sell a sufficient amount of the securities to discharge the judgment in favor of Haddock. . . . The judgment on the writ of garnishment was never satisfied by the Insurance Commissioner and no further action has been taken by the Insurance Commissioner (as garnishee or receiver), the claimant or the Court on the judgment on the writ of garnishment against the Insurance Commissioner. "4. On March 5, 1964, the Insurance Commissioner instituted delinquency proceedings against the insurance company in the Circuit Court of Sebastian County."

Thus, the simple facts are that Haddock and Tubbs were in a traffic mishap in Pulaski County; that Tubbs was insured by the United Automobile Insurance Company; that Haddock recovered judgment against the es-

tate of Tubbs in Pulaski County; that the judgment was not paid; that Haddock then obtained judgment against the Insurance Company in the Circuit Court of Pulaski County as Tubbs' insurance carrier; that the judgment was not paid by the insurance company; that Haddock had garnishment issued against the Insurance Commissioner on January 13, 1964; that there was a judgment in the garnishment proceeding on February 4, 1964; and that the Insurance Commissioner caused the United Automobile Insurance Company to be placed in receivership by order of the Sebastian Circuit Court on March 5, 1964. The cardinal dates are these: (a) appellee had garnishment issued against the Commissioner on January 13, 1964; (b) the Insurance Commissioner had the United Automobile Insurance Company placed in the hands of the appellant as Receiver for liquidation on March 5, 1964.

The appellee insisted, and the Trial Court held, that when the appellee filed the writ of garnishment on January 13, 1964, such garnishment became a lien on the "special deposit" held by the Insurance Commissioner under the provisions of Ark. Stat. Ann. § 66-2209 (b) (Repl. 1966), the germane portions of which read: "(b) All insurers . . . shall deposit through the Commissioner . . . securities . . . having at all times a market value of not less than $50,000.00, conditioned for the payment of creditors of the insurer in this State and the prompt payment of all claims arising and accruing to any person in this State."

Appellee claims that the $50,000.00 mentioned in Ark. Stat. Ann. § 66-2209 (b), as above quoted, is a "special deposit" (Ark. Stat. Ann. § 66-4801 [Repl. 1966]) for the benefit of Arkansas people, and that when the garnishment was issued on the Insurance Commissioner on January 13, 1964, such garnishment created a lien in favor of the appellee under such lien cases as *St. L. SW. Ry.* v. *Vandenberg,* 91 Ark. 252, 120 S. W. 993. In this line of reasoning, as above sketched, the appellee insists, and the Trial Court held, that appellee was

entitled to the first and prior payment in full of his judgment of $11,191.25.

In opposition, the appellant points out that the appellee's garnishment lien was on January 13, 1964, and that the delinquency proceedings against the insurance company were instituted by appellant on March 5, 1964; and that Ark. Stat. Ann. § 66-4820—a part of the Arkansas Insurance Code—requiring liquidation of insurance companies, says in part: "Any lien obtained by any such action or proceeding within four months prior to the commencement of any such delinquency proceeding . . . shall be void as against any rights arising in such delinquency proceeding." On account of this quoted statute the appellant insisted—unsuccessfully in the Trial Court—that the appellee had only a general claim like any other creditor, since the lien on his garnishment was obtained within four months before the liquidation proceedings.

So much for the claims of the parties. We hold that there is a *middle ground* between the position of the appellant and that of the appellee; and we now hold in accordance with such "middle ground" position. The $50,000.00 was and is a special deposit "conditioned for payment of creditors of the insured in this State and the prompt payment of all claims arising and accruing to any person in this State"; and the appellee is entitled to participate in the special deposit. But the appellee is not entitled to be paid in full out of said $50,000.00 special deposit, to the prejudice of other Arkansas creditors. This is true because the lien of appellee's garnishment was obtained within four months of the commencement of the delinquency proceeding; and the statute (Ark. Stat. Ann. § 66-4820) provides that any lien obtained within four months "prior to the commencement of any such delinquency proceeding . . . shall be void as against any rights arising in such delinquency proceeding." One of the rights that arises in the delinquency proceeding is the right of Arkansas creditors to be paid from the $50,000.00 special deposit.

The $50,000.00 special deposit does not go into the general assets of the insurance company for the payment of creditors everywhere, but is held as a special deposit from which Arkansas creditors, including appellee, are entitled to be paid pro rata; and if appellee is not paid in full from the $50,000.00 special deposit, then for the unpaid balance, appellee will participate in the other assets of the corporation in the general liquidation, as provided by Ark. Stat. Ann. § 66-4819 (Repl. 1962).

The judgment of the Trial Court is reversed and the cause remanded for the entry of a judgment and for further proceedings in accordance with this opinion.

AMSLER and BLAND, JJ., not participating.