Terresa HILL, et al., Respondents,

v.

SUPERINTENDENT, MISSOURI DIVISION OF INSURANCE, Garnishee of Kenilworth Insurance Company, Appellant,

James Schacht, Director of Insurance For the State of Illinois, As Receiver In Liquidation of the Kenilworth Insurance Company, Intervenor-Appellant.

No. 46427.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 25, 1984.

Dwain A. Akins, Mo. Div. of Ins., Jefferson City, for appellant.

Thomas M. Utterback, St. Louis, for intervenor-appellant.

Dallas W. Cox, St. Louis, for respondents.

SATZ, Judge.

This is a garnishment action.

Plaintiffs, Terresa and Rick Hill (Hills), are judgment creditors of Kenilworth Insurance Company (Kenilworth), an insolvent company domiciled in Illinois. Defendants are the Director of the Missouri Division of Insurance (Director/Missouri), a garnishee of Kenilworth, and the Director of the Illinois Division of Insurance (Director/Illinois), the Illinois receiver in liquidation for Kenilworth. Defendants appeal from the trial court's judgment ordering the Director/Missouri to satisfy a judgment the Hills had obtained against an insured of Kenilworth out of securities deposited with the Director/Missouri by Kenilworth. We reverse.

The facts are not in dispute. The Hills obtained a judgment in a Missouri Court of $9,000.00 against an insured of Kenilworth, on a claim arising out of an automobile accident. About a month later, an Illinois court found Kenilworth to be insolvent and appointed the Director/Illinois to be Kenilworth's receiver in liquidation. Then, approximately, two months after this, the Missouri court granted the Hills a summary judgment against Kenilworth for $9,300.00, the $9,000.00 judgment against the insured plus $300.00 interest and costs.

The Hills then initiated this garnishment action against the Director/Missouri.[1] The Director/Illinois, as receiver for Kenilworth, successfully moved to intervene. In his answer to the Hills' interrogatories, the Director/Missouri stated that he had in his possession securities deposited by Kenilworth worth approximately $212,000.00. Two trial court orders followed which both the Director/Missouri and the Director/Illinois seek to vacate on this appeal. The first granted an "oral motion by the [Hills], that the garnishee [Director/Missouri] pay into the registry of the Court forthwith the sum of $9,300.00, which by its answer heretofore filed, the garnishee admits that it owes to the defendant [Kenilworth] ...." The second granted another motion by the Hills captioned "Motion to Require Superintendent [sic] of Division of Insurance to Satisfy Judgment Out of Funds Deposited by Kenilworth Insurance Company."

The latter motion was expressly predicated on § 375.490.1, which authorizes the court to order the Director/Missouri to satisfy the judgment against Kenilworth out of the securities Kenilworth deposited with

---

1. The Hills' action rests on § 375.891 RSMo 1978 and an order issued by the Director/Missouri pursuant to that statute. (All statutory references are to RSMo 1978, unless otherwise indicated).

§ 375.891 pertains to the maintenance of reserves and deposits required of foreign insurance companies doing business in Missouri. Subsection 3 provides:

"Nothing herein shall prohibit the director of the insurance division of the State of Missouri from requiring such supplemental and additional information, statements, deposits and reserves as he deems necessary for the protection of Missouri policyholders."

The object of the Hills' garnishment action is securities deposited with the Director/Missouri pursuant to an order he issued in January, 1980, under the authority of this subsection, and "for the purpose of protecting the interest of [Kenilworth's] Missouri policyholders ...."

him.[2] However, as noted, the motions and the orders sustaining them are part of the Hills' garnishment action against an insolvent insurer, Kenilworth, and, thus, the orders conflict with provisions of § 375.982 of the Missouri Uniform Insurer's Liquidation Act (Missouri Act) which explicitly preclude garnishment actions against a "delinquent insurer or its assets" during the pendency of delinquency proceedings.[3]

In short, the Hills are Missouri judgment creditors of Kenilworth, an insolvent foreign insurance company in receivership; and, the threshold question on appeal is whether judgment creditors in Missouri (the Hills) of an insolvent foreign insurance company in receivership out-of-state (Kenilworth) can collect their judgment through a court ordered sale of securities deposited by the insurance company under § 375.891.3 notwithstanding the explicit provisions of § 375.982 of the Missouri Act. The dispositive point made by both the Director/Missouri and Director/Illinois is that the trial court's orders are precluded by § 375.982.

It is plain that the maintenance of this garnishment action is not only at cross-purposes with the Missouri Act, §§ 375.950–375.990, but is expressly prohibited by the Act. The Commissioners' Prefatory Note to the Uniform Insurer's Liquidation Act identified the following as one of the "embarrassment[s]" the Uniform Act was designed to eliminate:

"[I]nequity often results from the fact that creditors [of "delinquent" insurance companies] in non-domiciliary states may,

if they are sufficiently well informed and diligent, obtain preferences for themselves by commencing attachment or similar proceedings against such property as may be found in their respective states. Such proceedings can easily be commenced by properly informed creditors before ancillary proceedings are started, and as a result other less well-informed creditors suffer accordingly. There is no just reason for permitting such preferences to prevail." Unif. Insurers Liquidation Act, 13 U.L.A. 429, 431 (Master ed. 1980). *See also* Laws of Mo.1976, p. 734.

The express provisions of § 379.982 were designed to obviate this embarrassment. Thus, this Section explicitly provides:

"During the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets...."

These provisions control the present garnishment action. Kenilworth, undergoing liquidation in the Illinois receivership, is the subject of a "delinquency proceeding", defined in § 375.950(2) as "any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer." The state of Illinois is a "reciprocal state", for it is a "state other than this state in which in substance and effect the provisions of sections 375.950 to 375.990 [the Missouri

**2.** So far as relevant here, § 375.490.1 provides:
"Any court of competent jurisdiction, wherein a judgment shall have been recovered against any company by which any securities have been deposited, as by law required, upon a policy issued by such company, and execution issued upon such judgment shall have been returned partly or wholly unsatisfied, shall, upon motion of the plaintiff in such executions, upon three days' notice to said director [i.e., the Missouri Division of Insurance director], order said director to forthwith dispose of enough of said securities at the best price he can obtain for the same to satisfy said judgment, execution and costs, so far as such securities shall suffice; and the

director shall, upon realizing the amount necessary to pay said claim, with interest and costs, pay the same into the hands of the officer holding the original execution, and the receipt of said officer to him shall be a full acquittance from any further liability for the amount so turned over; ...."

**3.** In its pertinent part, § 375.982 provides:
"During the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets...."

Act] are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer." § 375.950(9). *See also* Ill.Ann.Stat. ch. 73, §§ 833.1–833.13 (Smith-Hurd 1965). The inescapable conclusion is that § 375.982 bars this garnishment action.

The Hills argue that § 375.982 notwithstanding, their motion to satisfy their judgment out of Kenilworth's deposit is both expressly provided for in § 375.490.1 and permitted under *Morris v. I.C.T. Insurance Company,* 316 S.W.2d 636, 641 (Mo.1958). However, both the statute and the case antedate the enactment of the Missouri Act and have been superseded by it.

The Missouri Act takes precedence over § 375.490.1 by virtue of the Act's omnibus provision in § 375.990.1:

"If any provision of sections 375.950 to 375.990 [i.e., the Missouri Act] or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of sections 375.950 to 375.990 are declared to be severable. To the extent that its provisions when applicable conflict with other provisions of the insurance laws of this state, the provisions of such act shall control." [4]

Moreover, the Missouri Act and the appointment of the Illinois receiver vitiate the factual predicate of the holding in the *Morris* case, *supra.* In *Morris,* the Supreme Court concluded:

"So long as no action had been taken to impound and subject the mentioned deposits of the I.C.T. Insurance Company in the hands of appellant to the payment of claims of all claimants and policyholders of said company in this state ... we think that Section 375.490 ... gave respondents, as judgment creditors of the said Insurance Company, an unqualified right to have said deposits applied to the payment of their judgment in the manner provided by the mentioned statute ...." *Id.* at 641.

Here, however, action *has* been taken to subject Kenilworth's deposit to the claims of Missouri claimants and policy holders. A domiciliary receiver of Kenilworth has been appointed; that receiver is "vested by operation of law with the title to all of the property, contracts, and rights of action ... of the insurer located in this state, ... [and is] entitled to recover the other assets of the insurer located in this state ...." § 375.958.2; under § 375.966, the Hills may file their claim with the Illinois receiver; and, once the claim is filed, § 375.974 provides that the claim and others by Missouri policyholders, if any, shall be given priority against the deposit.

■ The Hills also argue that their claim is a "secured claim", as defined in § 375.-950(10) of the Missouri Act, and, thus, they reason, satisfaction of their claim was properly allowed under § 375.978 of the Missouri Act which provides for "secured claims" to be "discharged by resort to the security." We disagree.

First, the Hills' claim is not a "secured claim". § 375.950(10) defines a "secured claim" as "any claim secured by mortgage, trust, deed, pledge, deposit as security, escrow, or otherwise, but not including *special deposit claims* or claims against general assets." (Emphasis added). A "special deposit claim" is "any claim secured by a deposit for the security or benefit of a limited class or classes of persons, but not including general assets." § 375.950(11). Kenilworth's deposit was "for the purpose of protecting the interest of [Kenilworth's]

---

**4.** Apparently, the Hills successfully argued in the trial court that the phrase "such act" in the last sentence of § 375.990.1 refers not to the Missouri Act but to the "other provisions of the insurance laws of this state", so that in the event of a conflict between the Act and a provision in the other "insurance laws", the latter prevails.

Understandably, this argument, based upon strained construction of the statutory language, was not repeated on appeal. *Compare, Langdeau v. Narragansett Ins. Co.,* 94 R.I. 128, 179 A.2d 110, 113–14 (1962); *aff'd on rehearing,* 95 R.I. 4, 182 A.2d 321 (1962).

Missouri policyholders," *see,* n. 1, *supra;* therefore, the Hills' claim is a "special deposit claim" rather than a "secured claim". *See G.C. Murphy Co. v. Reserve Insurance Co.,* 54 N.Y.2d 69, 444 N.Y.S.2d 592, 594–95 n. 2, 429 N.E.2d 111, 113–14 n. 2 (N.Y.App.1981).

The Hills attempt to counter the plain meaning of the language describing the purpose of Kenilworth's deposit and the plain meaning of the pertinent statutory language by arguing that Kenilworth's deposit was held in "trust" by the Director/Missouri, and, therefore, their claim, secured by a "trust", was a "secured claim" rather than a "special deposit claim". This argument assumes too much. Kenilworth's deposit was not held in "trust" as contemplated by the Missouri Act. Admittedly, "courts have been prolific in variable definitions of what constitutes a trust", 76 Am.Jur.2d *Trusts* § 2 (1975), and, at times, funds deposited by insurance companies similar to the funds deposited here by Kenilworth are referred to as "trust funds". *See, e.g., State ex rel. Ingram v. Reserve Ins. Co.,* 303 N.C. 623, 281 S.E.2d 16, 20 (1981). In this context, however, the term "trust fund" connotes an inchoate lien for the benefit of those persons who may become entitled to be paid from the proceeds as unsatisfied judgment creditors. This connotation fits comfortably within and is consistent with the statutory definition of a "special deposit claim". § 375.950(11). It does not square with the statutory meaning of "trust" as that term is used to define a "secured claim". § 375.950(10). The statute uses "trust" in conjunction with "mortgage", "deed", and "pledge"; each of which entails a perfected lien on a specific res for a ripened claim. Kenilworth's deposit simply was not held in "trust" by the Director/Missouri as a trustee in this sense. Kenilworth's title to the securities was never divested; no one was appointed trustee; and, at the time of the deposit, no beneficiaries were ascertainable. *See United States v. Knott,* 298 U.S. 544, 550, 56 S.Ct. 902, 905, 80 L.Ed. 1321 (1936).

This argument of the Hills has a second flaw. Even if the Hills' claim were a "secured claim", their collection procedure in the present claim would be no different than their collection procedure for a "special deposit claim."

In the present case, no ancillary receiver has been appointed in Missouri. Thus, under the Missouri Act, "special deposit claims" are to be presented to the domiciliary receiver, Director/Illinois. *See* § 375.-966.1. *See also, State ex rel. Ingram v. Reserve Ins. Co.,* 303 N.C. 623, 281 S.E.2d 16, 20 (1981); *Combs v. Haddock,* 241 Ark. 596, 408 S.W.2d 861, 863 (1966); *Commissioner of Insurance v. Equity General Ins. Co.,* 346 Mass. 233, 191 N.E.2d 139, 141 n. 3, 142 (1963). The procedure for collection of a "secured claim" is no different. As pointed out by the New York Court of Appeals, the New York equivalent of § 375.978 (the statute relied upon by the Hills), deals solely with the *priority* of secured claims, not with the procedure for collecting the amounts of those claims. *G.C. Murphy, supra,* 444 N.Y.S.2d at 596–97, 429 N.E.2d at 115–16. Furthermore, the court pointed out:

> "Nowhere in the history leading to the adoption of the uniform act can support be found for [the] contention that secured claimants can pursue their claims in independent court actions, and the uniform act itself clearly contemplates that 'secured claims' are to be resolved within the liquidation proceedings.... [W]hatever the nature of the claim asserted, absent the appointment of an ancillary receiver, the Uniform Insurers Liquidation Act requires that the claimant prove his claim in the domiciliary liquidation proceedings." *Id.,* 444 N.Y.S.2d at 597, 429 N.E.2d at 116.

In the absence of an ancillary receiver for Kenilworth in Missouri, the Missouri Act requires the Hills to file their claim with Kenilworth's domiciliary receiver, Director/Illinois. Moreover, §§ 375.982 and 375.990.1 preclude the Hills from using their motion to "obtain preferences for themselves by commencing attachment or

439

similar proceedings against such property as may be found in their [state] ...." *See* Commissioners' Prefatory Note, *supra.* Because the trial court's orders appealed from are prohibited by the Missouri Act, the trial court exceeded its jurisdiction when it sustained the Hills' motions seeking the orders. Consequently, the orders themselves are void. *See Pogue v. Swink,* 365 Mo. 503, 284 S.W.2d 868, 873 (1955); *Gray v. Clements,* 286 Mo. 100, 227 S.W. 111, 113–14 (Mo.1920).

We vacate the order of the trial court requiring the Director/Missouri to pay into the trial court's registry the sum of $9,300.00. We also vacate the court's order sustaining the Hills' "Motion to Require Superintendent of Division of Insurance to Satisfy Judgment out of Funds Deposited by Kenilworth Insurance Company."

We remand this cause and direct the trial court to quash the Hills' garnishment action.

DOWD, C.J., and GARY GAERTNER, Special Judge, concur.