W. S. RELFE, SUPERINTENDENT OF THE INSURANCE DEPARTMENT, *v.* ST. LOUIS MUTUAL LIFE INSURANCE COMPANY; JOHN BAKER, Appellant, SILAS BENT, RECEIVER, Respondent.

#### January 16, 1883.

1. INSURANCE — JUDGMENT CREDITORS — ORDER OF PAYMENTS — LIENS. — A judgment creditor who has no lien upon the property of the defendant, an insurance company, and who had not issued execution when "winding-up" proceedings were begun against the company, has no right to have his judgment paid out of funds of the defendant in court.

2. —— PRIORITY. — Under such a state of facts the judgment creditor has no right of priority over other creditors of the company.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

W. L. SCOTT, for the appellant.

JOHN M. GLOVER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The question for determination here is, whether a judgment creditor of the St. Louis Mutual Life Insurance Company is entitled to have her claim paid in full out of the estate of the company in the hands of the superintendent of the insurance department for the purpose of winding up and distribution. The facts are that, on the 13th of November, 1876, John Baker recovered against the company, in the circuit court of the city of St. Louis, a

judgment for the sole use and benefit of this petitioner, Thomasine Baker, his wife, in the sum of $1,465.98. Thereafter the insurance company filed a motion for a new trial, and while the motion was pending, namely, on the 8th of December, 1876, the present proceeding was instituted against the company by the superintendent of the insurance department, for the purpose of dissolving and winding it up. In February, 1877, while the motion for a new trial was still pending, a decree was entered in the present proceeding dissolving the corporation, appointing receivers to take charge of its assets, and providing for the winding up of its affairs. This decree empowered the receivers so appointed, among other things, to defend all suits against the company. Acting under this power, the receivers, while the motion for a new trial was pending, procured themselves to be made parties to the suit as representatives of the corporation. Afterwards, at the June term of the circuit court, the court disposed of the motion for a new trial, by making an order that, unless the plaintiff should remit the sum of $494.83, the motion for a new trial would be sustained : otherwise it would be overruled. The plaintiff thereupon, in open court, remitted the sum named ; and thereupon it was ordered by the court that the motion for a new trial be overruled, and (quoting the language of the order) "that the judgment heretofore rendered in this cause stand for the sum of $971.15, being the residue of the judgment of $1,465.98, after remitting the above sum of $494.83."

It further appears that in this winding-up proceeding a referee was appointed to audit and adjust the policy claims of the company, and to classify the same ; that the referee filed his report in court, showing the claims allowed by him and their classification ; that, among the claims so reported as allowed, was the claim set forth in this intervening petition, which claim was allowed as a claim reduced to judgment, founded on a policy of the company, and for the

amount of $971.10; that no exception was made to the allowance of this claim, and that this intervening petition was filed subsequently to the allowance of this claim by the referee.

It further appears that there is a cash fund of over $50,000 now in the registry of the court awaiting orders of distribution, which fund is the proceeds of a special deposit fund of the St. Louis Mutual Life Insurance Company, which was in the hands of the superintendent of insurance several months before the date when the proceedings to wind up the company were instituted. It also appears that the administration of the estate of the company is still pending, and that no disposition of said fund has been ordered.

Upon the foregoing facts, presented in part by this intervening petition and in part by a stipulation of counsel as to matters shown by the record of the winding-up proceedings, the relief prayed for is that the court order the payment in full of the judgment so recovered by the intervening petitioner against the insurance company, less the amount remitted, as already stated. The circuit court sustained a demurrer to the petition and dismissed the same.

The general principle upon which the learned counsel for the petitioners base their claim for relief is well settled. This principle is that where a party recovers a judgment at law, and, before the suing out of his execution, the property of the judgment debtor is impounded by a court of equity for the purpose of an administration and distribution among his creditors, the judgment creditor will not be permitted to levy his execution upon the fund thus in the hands of the court; but he must bring his claim into court, and when there, any specific lien, or any right of priority over other creditors, will be preserved.

There is no question about this principle, nor can there be any question that a proceeding to wind up an insolvent life insurance company is a proceeding which, in the absence of any specific statutory direction varying the rule, calls for

its application.    If, therefore, the fund in the registry of
the court in this case were the proceeds of a sale of real
property of the St. Louis Mutual Life Insurance Company
upon which the judgment of these intervening petitioners
was a lien at the date of its rendition, they have an unques-
tionable right to the payment of their judgment in full, in
preference to the general creditors of the company.    If,
moreover, their judgment never became a lien upon any
real property of the company, out of which the fund in
court has thus issued, but yet if an execution had been sued
out by them and placed in the hands of the sheriff, so that,
but for the fact that the personal property of the company
had been impounded in this proceeding, they might, by
virtue of a levy, have acquired a lien upon any personalty
of the insurance company which might have been subject
to levy and sale, of which personalty the fund in court
consisted, or from the sale of which it had accrued, the
priority which this lien would have given them would be
preserved in the present proceeding, and they would be
entitled to have their execution satisfied in full, in preference
to the claims of creditors who have not thus acquired a
specific lien.

But neither of these facts appears in the present proceed-
ing.    Unless, therefore, these petitioners can point to some
statute giving them the right of priority which they claim,
they stand on no better footing than the general creditors
of the company, and their petition was rightly dismissed.
Such a statute is supposed to be found in the following pro-
vision of the insurance law as it stood at the date of the
petitioners' judgment : "Any court of competent jurisdic-
tion, wherein a judgment shall have been recovered against
any company, by which any such securities have been de-
posited as hereinbefore required, upon a policy issued by
such company, and the execution issued upon such judgment
shall have been returned partly or wholly unsatisfied, shall,
upon motion made by the plaintiff in such execution, upon

three days' notice to said superintendent, order said superintendent to deliver into court, out of the securities so deposited by said company, an amount sufficient to satisfy said judgment in full, or so far as said securities shall suffice therefor, which order being obeyed shall release said superintendent and the bank surrendering said securities from further liability in respect to the same." 1 Wag. Stats. 746, sect. 24. But it seems quite clear that no such conclusion can be deduced from the terms of the statute. In order to avail himself of the benefit of this statute, the creditor must have something more than a claim reduced to judgment. He must also have an execution; and he must have something more than an execution; it must have gone into the hands of an officer, and it must have been returned unsatisfied in whole or in part, before the creditor could ask the court to order payment out of the fund in the hands of the superintendent of insurance. The petitioners had not reached this point of advantage before the intervention of the winding-up proceeding in the present case. Conceding all that they claim, they had a judgment rendered in their favor before the commencement of such proceedings, but execution upon it was suspended by the pendency of a motion for a new trial. They had not, and owing to the course the proceedings took, they could not, have had an execution before the commencement of these proceedings. We can, therefore, imagine no reason drawn from the terms of this statute, which gives them the priority which they claim.

On the other hand, the statute under which this winding-up proceeding is in progress prescribes in terms the order of preference in which the distribution of the assets shall be made, as follows: "(1) To the payment of the costs and expenses of the winding-up proceeding; (2) to the payment of public taxes; (3) to the payment of the death losses and matured policy claims;" and below these are ranked ordinary debts and claims, including unearned pre-

miums and surrender values. Without deciding into what class the judgment recovered by these petitioners shall fall, for that question is not before us, the most that can be said in its favor is that it is to take rank in the third class among death losses and matured policy claims; and that it must take its *pro rata* of the fund for distribution with other claims of this class. The statute makes no reference to judgments, and awards no preference to this claim over other claims of the same nature, from the mere circumstance that it has been reduced to judgment; and outside of the statute, the judgment having no effect as a lien, there is no principle of equity with which we are acquainted, which entitles it to such a priority. The petitioners' case then is this: Having obtained a judgment at law, they come into a court of equity in which the property of their judgment debtor is impounded for the purpose of administration, and they ask that the legal priority which they acquired by virtue of their judgment be accorded to them; but it appears, upon examination, that they have acquired no such priority, and their petition therefore fails.

The judgment of the circuit court is affirmed. All the judges concur.