## HOLLOWAY v. FEDERAL RESERVE LIFE INS. CO.

### No. 2839.

District Court, W. D. Missouri, W. D.

June 26, 1937.

Jerome S. Koehler, of Kansas City, Kan., and J. Francis O'Sullivan, of Kansas City, Mo., for plaintiff.

J. H. Brady, of Kansas City, Kan., for defendant.

REEVES, District Judge.

The superintendent of the Insurance Department of the State of Missouri has made return to a show cause order relative to certain securities held by him in his official capacity. By such return he insists that he is within his legal right in refusing delivery of said securities to the ancillary receivers of the Federal Reserve Life Insurance Company, a corporation

The deposit of said securities was heretofore made by the United States Reserve Insurance Corporation, a Missouri company engaged in the life insurance business. Said company was originally organized under what is known as the stipulated premium statutes of Missouri. It made certain deposits of securities with the superintendent conformable to the requirements of said statutes. Subsequently, as authorized by said law, it amended its charter so as to conform to the statutory provisions relating to level premium, legal reserve life insurance companies. When that was done, in like manner, it deposited $100,000 in approved securities, as required by the statutes relating to legal reserve companies. After this had been done, it reinsured all of its business in the Federal Reserve Life Insurance Company, a Kansas corporation, and the defendant. Such reinsurance was effected under section 5731, R.S.Mo.1929, Mo.St.Ann. § 5731, p. 4371, a comparatively new law. By this section, a tribunal is established to pass on the fairness of the reinsurance agreement. It is provided that: "Said commission, if satisfied that the interests of the policyholders of such company or companies are properly protected, and that no reasonable objections exist thereto, may approve and authorize the proposed * * * reinsurance."

In doing so, the Commission is enjoined that: "Such * * * reinsurance shall only be approved by the consent of all the members of said commission, and it shall be the duty of said commission to guard the interests of the policyholders of any such company or companies proposing to * * * reinsure."

After a hearing by a commission provided by said statute, the superintendent of the Insurance Department of the State of Missouri and his two associate commissioners, as experts, approved the reinsurance. By the terms of the reinsurance agreement there was a complete novation of outstanding contracts. The ceding company withdrew from its obligation to carry out the terms of the contracts issued by it, and in all respects the reinsurer assumed such obligations. The Federal Reserve Life Insurance Company continued to maintain said deposit with the superintendent until it ceased doing business because of its insolvency and the appointment of a receiver.

The appointment of a receiver or receivers was duly made after full hearing by the United States District Court for the

518

District of Kansas. There was no question of the jurisdiction of that court to appoint a receiver for the said company and administer its assets.

Concurrently with the appointment of a main or primary receiver, ancillary receivers were appointed by the District Court for the Western District of Missouri for property and assets within that jurisdiction. The court of primary jurisdiction directed the surrender of deposits by supervising public officials to the primary receiver, and such an order has been made in the ancillary jurisdiction. Such securities, when received by the ancillary receivers, will be in regular course delivered to the main or primary receiver.

The superintendent challenges the right of the court to direct a release of said securities.

1. It is not open to question but that the deposit made in conformity with article 4, chapter 37, section 5759 et seq., of the Missouri Statutory Revision of 1929, Mo.St.Ann. § 5759 et seq., p. 4412 et seq., was for the benefit and protection of policyholders, and similarly as to the deposit made pursuant to the provisions of section 5717, article 2 of said chapter, Mo.St.Ann. § 5717, p. 4362. The latter section requires the deposit of $100,000 and is "for the security of its policyholders," of the company making the deposit.

Provision is made for the distribution of such deposits. By section 5948, R.S.Mo. 1929, Mo.St.Ann. § 5948, p. 4535, the superintendent through an appropriate court procedure is empowered to make disposition of the assets "unless disposition of the assets of said company is made by a reinsurance of the company as provided in this chapter." Such disposition was authorized by the superintendent of the Insurance Department when he, with his associates, approved the reinsurance agreement. This effected a transfer of the title to said assets to a nonresident corporation. The Missouri law does not provide for the liquidation or the disposition of such assets by the superintendent of the Insurance Department when they belong to a foreign corporation. If the foreign corporation is subject to an executive receivership, as in Missouri, then it could hardly be questioned but that such receiver would have a right to collect and equitably distribute the assets. The Missouri statute thus empowers the superintendent of insurance when acting as an executive receiver in collecting and disbursing assets. A paramount question arises as to how the superintendent of insurance can apply the securities now held by him. He is not an executive receiver; he is not authorized to liquidate the company; and, moreover, the Federal Reserve Life Insurance Company is no longer a going concern. It was his duty to hold securities while the company was doing business, and to do so as trustee for policyholders in Missouri.

2. A court of competent jurisdiction has taken over the Federal Reserve Life Insurance Company. It becomes the duty of the court to direct the collection by its receiver of all the assets of the company so that same can be equitably and properly applied to the discharge of the obligations of said company. The court alone is capable of determining what priorities, preferences, and liens may be allowed and enforced against said assets. The responsibility of the superintendent of insurance as an executive officer is completely discharged when a court, whose duty it is to administer the estate, calls for a surrender and delivery of said assets. 32 C.J. § 12, p. 98.

3. The superintendent of insurance cannot properly disregard the demands of a court in the regular routine administration of an estate. Granted that such securities are impressed with a lien, the court must be trusted to hold a disposition to enforce such liens. It is unimportant that a reinsurance may have been effected in another company under the direction of the court. The chancellor must have a free hand to direct the conversion or sequestration of assets for the protection of any class of creditors.

The superintendent is powerless to enforce said liens or trust, if any. He can be no more than the trustee of a mere naked trust. The statutes contemplate that he shall apply the securities only under the direction of a court of competent jurisdiction.

The most familiar instances of the exercise of equity jurisdiction are in those cases where called upon to enforce equitable titles and interests, and this necessarily involves trusts and liens. 21 C.J. p. 115, § 92.

The federal court, having taken jurisdiction, will afford complete relief and upon the doctrine that: Ubi jus ibi remedium, it will do so without regard to precedents. 21 C.J. p. 198, § 188.

A careful examination of all the authorities as well as applicable statutes convinces that the question of the duty of the superintendent of the Insurance Department to surrender the securities is not even a debatable one.

Accordingly, an appropriate order will be made directing the superintendent of the Insurance Department of the State of Missouri to surrender said securities to the ancillary receivers, as requested by them.

The Tenth Circuit Court of Appeals, concerning this identical trust, made a similar ruling in Hobbs v. Occidental Life Insurance Company, 87 F.2d 380.