STATE EX INF. ROY MCKITTRICK, Attorney General of the State of Missouri, at the Relation of RUSSELL MALONEY, Commissioner of Securities of the State of Missouri, Plaintiffs-Respondents, v. FIDELITY ASSURANCE ASSOCIATION, a Corporation, H. ISAIAH SMITH and Ross B. THOMAS, Receivers of the Fidelity Assurance Association, a Corporation, Defendants-Respondents, EDWARD L. SCHEUFLER, Superintendent of the Insurance Department of the State of Missouri, Intervenor-Appellant.—No. 38776.

EDWARD L. SCHEUFLER, Superintendent of the Insurance Department of the State of Missouri, Plaintiff-Appellant, v. FIDELITY ASSURANCE ASSOCIATION, a Corporation; H. ISAIAH SMITH and Ross B. THOMAS, West Virginia State Court Receivers of the Fidelity Assurance Association, a Corporation; RUSSELL MALONEY, Commissioner of Securities of the State of Missouri; and DEWEY GODFREY, Missouri State Court Receiver, Defendants-Respondents.—No. 38775.—179 S. W. (2d) 67.

Division One, April 3, 1944.

726

*Barak T. Mattingly, Roberts P. Elam, G. Carroll Stribling,* and *Walter R. Mayne* for appellants; *Preston Estep, Lawrence Presley,* and *Fordyce, White, Mayne, Williams & Hartman* of counsel.

*Roy McKittrick*, Attorney General, *Lawrence L. Bradley*, Assistant Attorney General, for Russell Maloney, Securities Commissioner; *H. P. Lauf*, for Dewey S. Godfrey, Receiver; *L. H. Cook*, for intervenors-respondents, C. W. Marcille and C. L. Owen; *Rudolph K. Schurr*, of counsel.

728

*J. Campbell Palmer, III,* for respondents amicus curiae; *Koontz & Koontz* and *B. J. Pettigrew,* of counsel.

■ VAN OSDOL, C.—Consolidated appeals perfected by Edward L. Scheufler, Superintendent of the Insurance Department of the State of Missouri. In Case No. 38776 the appeal is from a judgment rendered on an order overruling intervenor-appellant's amended motion to revoke the appointment of a receiver and to dismiss plaintiff's petition, and on an order sustaining a demurrer to intervenor's petition, intervenor-appellant having failed to further plead. In Case No. 38775 the appeal is from a judgment entered upon an order sustaining a demurrer to the petition, the plaintiff-appellant having failed to further plead.

The questions involved pertain to the duties of appellant, as Superintendent of the Insurance Department of Missouri in regard to the liquidation of the affairs of an insolvent corporation, Fidelity Assurance Association.

The history of Fidelity Assurance Association, a West Virginia corporation, may be studied by referring to Fidelity Assurance Association et al. v. Sims, Auditor of the State of West Virginia, et al., 318 U. S. 608, 63 Sup. Ct. 807; see also Sims, Auditor of State of West Virginia, et al. v. Fidelity Assurance Association, 129 Fed. 2d 442.

The corporation was organized in 1911, and in 1912 became engaged in selling annuity contracts, and so continued until a few days prior to an adjudication of its insolvency and to the placing of its affairs in the hands of H. Isaiah Smith and Ross B. Thomas, receivers, by a decree of the Circuit Court of Kanawha County, West Virginia, entered April 11, 1941. Fidelity had sold annuity contracts in a number of states; several of these states, including Missouri, required deposits of approved securities securing the payment of the annuity contracts outstanding and held by residents of the respective states. It is alleged in plaintiff-respondent's petition in Case No. 38776 that securities of the market value of $846,295.63 were deposited with Wheeling Dollar Savings & Trust Company of Wheeling, West Virginia, as trustee, to secure payment of contracts sold to residents of Missouri.

December 30, 1940, Fidelity's charter was amended to include the corporate power and purpose of issuing insurance upon lives of persons, so that thereafter, until shortly before it was adjudicated insolvent, it had the corporate power to transact the business of insurance.

The Attorney General of Missouri, at the relation of Russell Maloney, Commissioner of Securities, May 28, 1941, instituted suit in the Circuit Court of Cole County, Missouri, praying for a receivership ancillary to the receivership pending in the court of West Virginia, the receiver to take over and hold the securities in the hands of Wheeling Dollar Savings & Trust Company to the end that the securities should be subject to claims of Missouri contract holders. May 29, 1941, Dewey S. Godfrey, respondent, was appointed receiver of all assets, books, records and property of whatever kind of Fidelity in Missouri, including assets deposited in trust for contract holders of Missouri, wherever situated. Thereafter, March 15, 1943, the Superintendent of the Insurance Department of Missouri, intervenor-appellant, having been permitted, October 14, 1942, to intervene in the suit, filed intervenor's petition, and, May 10, 1943, filed an amended motion to revoke the order appointing the receiver and to dismiss plaintiff's petition in the cause (Case No. 38776). A demurrer was sustained to intervenor's petition, and the amended motion to revoke the order appointing a receiver and to dismiss plaintiff-respondent's petition was overruled; from a judgment rendered on these orders the appeal was perfected, as stated. Appellant had, April 27, 1943, instituted suit (Case No. 38775) praying that the assets and property of Fidelity be vested in him as Superintendent of the Insurance Department of Missouri to be held by him and disposed of to the use of creditors, policyholders and contract holders of Fidelity; that defendants in the cause be enjoined from taking possession of any of the property or assets of Fidelity in Missouri, or in any manner interfering with plaintiff-appellant in the performance of his duties as Superintendent of the Insurance Department of Missouri; and that plaintiff-appellant proceed with the orderly liquidation of the affairs of Fidelity for the benefit of creditors, policyholders and contract holders in accordance with the powers conferred upon him by the Insurance Code of Missouri. A demurrer was sustained to this petition, as we have stated.

Appellant's petitions both allege the pendency of the receivership proceeding in the domiciliary state of Fidelity, West Virginia; and relief sought in the petitions is premised upon appellant's duties and obligations imposed by the Insurance Code of Missouri relating to insurance companies and particularly such duties and obligations as trustee of all assets of insolvent insurance companies to the use of creditors and policyholders as provided in the Insurance Code of Missouri. In the intervenor's petition an excerpt of the transcript of the record, Supreme Court of the United States, Vol. 1, pp. 245-246, Case No. 319 (Fidelity Assurance Association et al. v. Sims, Auditor, et al., supra), is quoted,

"On April 11, 1941 he (the Commissioner of Insurance of West Virginia) filed a bill in the Circuit Court of Kanawha County, West

Virginia, pursuant to Chapter 33, Article 2, Section 45 of the State Code which provided that whenever any company under the supervision of the Insurance Commissioner should become insolvent, the auditor (and Ex Officio Insurance Commissioner) might file a suit and take possession of its property and distribute its assets amongst the persons entitled thereto." (See also Sims, Auditor of the State of West Virginia, v. Fidelity Assurance Association, 129 Fed. 2d at page 447.)

The demurrers to the petition in the suit instituted by appellant ('Case No. 38776) and to the petition of appellant as intervenor (Case No. 38775) stated as grounds therefor that appellant as Superintendent of the Insurance Department "has not legal capacity to sue," and that the petitions do "not state facts sufficient to constitute a cause of action."

Respondents assert that Fidelity had not engaged in the insurance business. But it is sufficiently well pleaded in appellant's petitions as intervenor and as plaintiff in the respective cases that Fidelity "is (in fact) an insurance corporation." The fact is by the demurrers admitted.

Appellant relies upon Section 6023, R. S. 1939, Mo. R. S. A., Sec. 6023, in which it is provided, "but no action shall be brought or maintained by any person other than the superintendent of the insurance department of this state for the winding up or dissolution of any insurance company, or the distribution of its assets among its creditors." Appellant urges that he only, as Superintendent of the Insurance Department, may maintain a suit to liquidate the affairs of Fidelity in Missouri.

It is held, "On dissolution of the (insurance) company the absolute title to its assets is vested in the superintendent for the benefit of creditors, policyholders and others interested . . . " State ex rel. Missouri State Life Ins. Co. v. Hall, 330 Mo. 1107, 52 S. W. 2d 174. In that case this court was treating with an insurance company incorporated under the laws of Missouri. "Proceedings to wind up companies" incorporated or organized under the laws of this state are provided for by Section 6052, R. S. 1939, Mo. R. S. A., Sec. 6052, of the Insurance Code of Missouri (Section 5780 et seq., R. S. 1939, Mo. R. S. A., sec. 5780 et seq.). Should it appear to the Superintendent of the Insurance Department that any one of nine stated alternatives has obtained in the affairs of any company organized or incorporated under the laws of this state, the Superintendent may institute a suit to enjoin the company from further prosecution of its business or for a judgment dissolving the corporation or for both. Section 6052, supra. (See also Section 6076, R. S. 1939, Mo. R. S. A., sec. 6076.) Such proceedings are applicable only to domestic insurance companies. As to them, the provided proceedings are exclusive. State ex rel. Missouri State Life Ins. Co. v. Hall, supra.

Relating to an insurance company "not incorporated by the laws of this state" it is provided by statute, "Whenever it shall appear to the superintendent of the insurance department . . . that such company is insolvent . . . the superintendent may suspend or revoke the certificate of authority granted to such company . . . " Section 6051, R. S. 1939, Mo. R. S. A., sec. 6051. Of course, no provision has been made by the legislature of our state for the winding up or dissolution of an insolvent foreign insurance company. We must conclude that the clause of Section 6023, quoted supra, applies only to the actions in Section 6052, supra, provided, which may be instituted by the Superintendent of the Insurance Department for the winding up or dissolution of a domestic insurance company. And the Insurance Code of Missouri makes no provision that only the Superintendent of the Insurance Department, as such, shall institute a suit for the appointment of a receiver (or that the Superintendent, or another, must be appointed as an ancillary receiver) to take over and distribute the assets in Missouri of an insolvent foreign insurance company.

 However, we will not heedlessly thwart appellant's effort to perform that which he conceives to be his duty. The appellant is an officer of the state upon the faithful and painstaking performance of whose duties the security (or at least the comfort) of many people of Missouri (and of other states) depends. It must be observed that the assets of Fidelity which appellant seeks to take over were assets which the Commissioner of Securities of Missouri had required Fidelity to deposit as security for annuity contract holders of Missouri. Had assets been deposited with appellant to secure Missouri policyholders of Fidelity or had appellant been possessed of assets of Fidelity, then, upon the adjudication of its insolvency none could successfully deny that it would have been his duty to urge that the rights of claimants, in such assets, secured or otherwise, should be adjudicated in courts having competent jurisdiction; and, we will further examine the allegations of the pleadings relating to the assets of Fidelity held in trust to secure the rights of Missouri claimants and to the possession of which appellant, as Superintendent of the Insurance Department of Missouri, contends he should have been entitled.

 The insolvency proceeding in the West Virginia court is resultant of a bill in equity filed by the Commissioner of Insurance of West Virginia, a state official who is vested by statute of West Virginia with the right and duty of taking over and distributing the assets of insolvent insurance companies (as well as those engaged in soliciting or receiving deposits or payments on annuity contracts) incorporated or organized under the laws of that state. See Chapter 33, Article 2, Section 45 of the West Virginia Code (Annotated) of 1937.

In the case of Relfe v. Rundle, 103 U. S. 222, the court, in defining the rights and duties of one Relfe, then Superintendent of the Insurance Department of Missouri, who had instituted proceedings in the courts of this state for the dissolution of an insurance company incorporated under the laws of this state (quite as the Commissioner of Insurance of the State of West Virginia instituted the proceeding to dissolve Fidelity in the Circuit Court of Kanawha County, West Virginia) stated, ''Relfe is not an officer of the Missouri State court, but the person designated by law to take the property of any dissolved life insurance corporation of that State, and hold and dispose of it in trust for the use and benefit of creditors, and other parties interested. The law which clothed him with this trust was, in legal effect, part of the charter of the corporation. He was the statutory successor of the corporation for the purpose of winding up its affairs. As such he represents the corporation at all times and places in all matters connected with his trust. He is the trustee of an express trust, with all the rights which properly belong to such a position. He is an officer of the State, and as such represents the State in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations.''

When the Circuit Court of Kanawha County, West Virginia, found Fidelity to be insolvent and placed its affairs in liquidation the statutory liquidating officer of the State of West Virginia succeeded to all the rights of Fidelity ''title to its property and can protect such rights and assert such title in the courts of all the states as a matter of right and not merely by comity.'' See McDonald v. Pacific States Life Ins. Co., 344 Mo. 1, 124 S. W. 2d 1157, wherein a careful analysis was made of the cases therein cited and collated, which treat with this question, including the case of Relfe v. Rundle, supra. Subject to constitutional limitations, no state need allow corporations of other states to do business within its jurisdiction unless it chooses. Relfe v. Rundle, supra; 20 C. J. S., Corporations, sec. 1810, p. 30. And, as the title and right to possession of the assets of Fidelity must be recognized to be in the liquidating officer of West Virginia as provided by statute of that sovereign state, ▮▮▮ so must that title and right to possession of the assets of Fidelity which have been deposited in escrow or to be held in trust to secure Missouri (claimants) investors, contract holders, or policyholders in accordance with the statutes of the sovereign state of Missouri, be recognized to be subject to the rights of such Missouri claimants.

It is alleged in appellant's pleadings that the receivership proceeding pending in the Circuit Court of Cole County is one ''growing out of the proceedings in the State of West Virginia,'' and it is further stated as a fact that the receiver appointed by the Circuit Court of Cole County has reduced to his possession ''the Missouri

assets consisting of bonds, cash and securities in value of approximately $900,000.00'' of Fidelity. Apparently primary receivers, agents, designated by the West Virginia court, of the Superintendent of Insurance of West Virginia, and an ancillary receiver appointed by the Circuit Court of Cole County, Missouri, are in harmony and are as one in recognition of the rights of Missouri claimants, and the securities alleged to secure Missouri contract holders are now within the jurisdiction of the Circuit Court of Cole County subject to the court's adjudication of the rights of Missouri claimants.

The general problems of the liquidation of Fidelity, and the solution of the problems as planned in the proceeding for its liquidation pending in the West Virginia court and in the courts of other states, including Missouri, are tersely stated by the Supreme Court of the United States, Fidelity Assurance Assn. v. Sims, 318 U. S. at page 619, ''There are no true problems of marshalling presented. Creditors in the various states will unquestionably go first against the local deposits. They may, or may not, be paid in full from those funds. They will have claims against the surplus of the West Virginia fund for any deficiency. On the other hand, a surplus in a state fund after satisfaction of local creditors, will be added to the surplus fund in West Virginia for the benefit of all having claims against it. Rights against local deposits will be adjudicated by the courts of the states, near the homes of the beneficiaries and at a minimum of inconvenience, delay, and expense.''

It is not alleged by appellant that the Superintendent of Insurance of West Virginia contends that his title and right to the possession of the assets of Fidelity in Missouri, held in trust for the protection of contract holders of Missouri, is not subject to the rights of Missouri claimants in accordance with the laws of Missouri providing for the protection of Missouri investors; nor that he has questioned the discretionary power of Missouri courts to entertain jurisdiction of an ancillary receivership proceeding. And nowhere in appellant's pleadings are facts alleged from which we may infer that by the primary insolvency proceedings pending in the Circuit Court of Kanawha County, West Virginia, and the receivership proceeding ancillary thereto, pending in the Circuit Court of Cole County, Missouri, the rights of Missouri contract holders as against the securities which are alleged to be held in trust to secure the contract holders of Missouri may be lost to them, or will not be recognized or that any other discrimination will be made, as against claimants of Missouri.

It is contended by appellant that the receivership proceeding instituted in the Circuit Court of Cole County, Missouri, by plaintiff-respondent, Attorney General of Missouri, was void for the reasons (1) that relator-respondent, Commissioner of Securities, had no interest in the liquidation of the assets of Fidelity; and (2) that

plaintiff-respondent's petition does not state facts sufficient to constitute a cause of action, in that, by the petition a decree of receivership is sought without alleging any cause of action for final relief to which a receivership could have been ancillary. And the appellant further contends that Fidelity had been engaged in business as a cooperative company, and so the securities in the hands of the Commissioner of Securities, December 30, 1940, when Fidelity assumed the corporate power of engaging in the insurance business, should have then been transferred to appellant, as Superintendent of the Insurance Department, under the provisions of Section 6043, R. S. 1939, Mo. R. S. A., sec. 6043, to be administered by him under Section 6048, R. S. 1939, Mo. R.,S. A., sec. 6048.

Aside from the question, so inferentially raised, of whether Fidelity was, prior to December 30, 1940, a cooperative company, it may be stated that if appellant had been possessed of any of the assets of Fidelity when it was adjudged insolvent,—then, upon an application for an order in the Circuit Court of Cole County to require ▇▇ appellant to deliver over such assets, appellant might have been heard upon the contentions (1) and (2), supra, which he seeks to make in the instant cases, touching upon the validity of the ancillary receivership proceeding pending in the Circuit Court of Cole County.

The judgments in both of the cases, the reviews of which are consolidated herein, should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by Van Osdol, C., is adopted as the opinion of the court. All the judges concur, except *Gantt, J.,* not sitting.