**Mack MORRIS and Louisa Morris,
Plaintiffs,**

v.

**I. C. T. INSURANCE COMPANY, a
Corporation, Defendant,**

**C. Lawrence Leggett, Superintendent of the
Division of Insurance of Missouri,
Third Party, Appellant.**

No. 46543.

Supreme Court of Missouri,

Division No. 1.

Sept. 8, 1958.

Rehearing Denied Oct. 13, 1958.

John M. Dalton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for appellant.

Don G. Busch, Springfield, for respondents.

DALTON, Judge.

This is a proceeding by motion filed by respondents (plaintiffs) in the Circuit Court of Greene County to require third party, appellant, C. Lawrence Leggett, Superintendent of the Division of Insurance of Missouri, to satisfy respondents' judgment against the I.C.T. Insurance Company, defendant, out of the funds in his hands and deposited by I.C.T. Insurance Company, a foreign Insurance Company, previously licensed to do business in Missouri. From an adverse judgment the third party has appealed.

The facts disclosed by the transcript are that, on May 16, 1957, respondents Mack

Morris and Louisa Morris obtained a money judgment against the I.C.T. Insurance Company in the Circuit Court of Greene County, Missouri, for $8,570. The judgment included $670 for vexatious delay and a $1,200 attorney fee in addition to the $6,700 alleged to be due on the insurance policy sued on. A general execution issued on the judgment was returned unsatisfied on May 23, 1957. On May 28, 1957, respondents filed their motion for an order requiring appellant to pay said judgment out of funds theretofore deposited with him as Superintendent of the Division of Insurance. Respondents alleged that it was the duty of appellant to so satisfy said judgment under the provisions of Section 375.490 RSMo 1949, V.A.M.S. Appellant appeared and filed an answer and suggestions in opposition thereto, wherein he alleged that he was without knowledge or information sufficient to form a belief as to the truth of the averments that respondents had obtained such a judgment or that an execution had been issued on said judgment and had been returned non est so that said judgment was wholly unsatisfied. (The judgment, general execution and sheriff's return to the effect stated appear as part of the record presented here for review.) Appellant expressly denied an allegation to the effect that respondents were entitled to the order requested under the provisions of Section 375.490 RSMo 1949, V.A.M.S. The answer further alleged that the defendant I.C.T. Insurance Company was a foreign Insurance Company in permanent receivership for liquidation in the State of Texas, but that appellant, as the Superintendent of the Division of Insurance of Missouri, had in his possession deposits aggregating $10,000, which funds were deposited with him by the said I.C.T. Insurance Company of Texas while it was solvent; and that said deposits were made in compliance with Missouri retaliatory law found in Section 375.450 RSMo 1949, V.A. M.S.

As stated, the judgment shown was entered May 16, 1957, and third party (appellant) alleged that, prior thereto, to wit, on March 5, 1957, defendant Texas corporation had been dissolved and placed in permanent receivership for liquidation by judgment of the District Court of Travis County, Texas. See Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903, 906. Exhibits attached to third party's answer included purported copies of such a decree, the appointment of a receiver, the oath taken by such receiver and the form of an alleged notice by the receiver to policyholders of the Texas corporation.

Thereafter, on July 26, 1957, the court sustained respondents' motion and ordered appellant "to forthwith sell sufficient of the securities deposited with him, according to law, by the I.C.T. Insurance Company to pay the judgment heretofore rendered * * * in favor of plaintiffs," including interest and costs and to pay the same to the Clerk of the Court.

Appellant's statement of facts on this appeal refers to the cause as having been "submitted to the court on the pleadings filed." The statement of facts has been approved by respondents.

Thereafter, on August 1, 1957, the third party appellant filed his motion to vacate and set aside the order of July 26, 1957. The grounds assigned for said motion to vacate were, " * * * that this court's ruling of July 26, 1957 involves the determination of fact and law issues in the face of general denials made by movant in his answer directed to plaintiffs' motion without the court having received oral or documentary evidence to establish the allegations of plaintiffs' motion or to establish the allegations of movant's answer made to such motion, and by reason of such fact this court's order of July 26, 1957, was prematurely made, has the effect of a final judgment in a cause of action separate and apart from the principal issues determined in the above entitled cause *and may be denominated a special order after final judgment* as such term is used in Section 512.-020 RSMo 1949 [V.A.M.S.]." (Italics ours.)

Movant (appellant) asked the court to vacate and set aside its order of July 26, 1957; "and that movant herein be directed to file, within a time stated, formal answer to all allegations contained in plaintiffs' motion heretofore filed in order that issues of law and fact may be clarified and succinctly stated as a basic for trial before final judgment in the matter."

Appellant's motion to vacate and set aside the order of July 26, 1957 was overruled on August 16, 1957 and notice of appeal was filed on the same day.

Appellant now contends that "the trial court erred in overruling appellant's motion to vacate its judgment order of July 26, 1957 and applying the provisions of Section 375.490 RSMo 1949 [V.A.M.S.] to a foreign insolvent insurance company which was in permanent receivership in its domiciliary State."

Section 375.490 in part provides: "Any court of competent jurisdiction, wherein a judgment shall have been recovered against any company by which any securities have been deposited, as by law required, upon a policy issued by such company, and execution issued upon such judgment shall have been returned partly or wholly unsatisfied, shall, upon motion of the plaintiff in such execution, upon three days' notice to said superintendent, order said superintendent to forthwith dispose of enough of said securities at the best price he can obtain for the same to satisfy said judgment, execution and costs, so far as such securities shall suffice; and that superintendent shall, upon realizing the amount necessary to pay said claim, with interests and costs, pay the same into the hands of the officer holding the original execution * * *."

Appellant says that the principal issue on this appeal is the applicability of Section 375.490 RSMo 1949, V.A.M.S., in the light of facts appearing on the face of the pleadings. The issue presented appears to be on the merits of the cause. Apparently appellant has waived the issue submitted by his motion to vacate the judgment on the

grounds stated in said motion, since the parties now concede that "the cause was submitted to the court on the pleadings filed and the court * * * sustained respondents' motion and entered judgment accordingly." We shall consider only the specific matters presented on appeal.

■ We are first confronted by respondents' motion to dismiss the appeal on the ground that notice of appeal was not filed as required by Supreme Court Rule 3.24, 42 V.A.M.S., and Section 512.020 RSMo 1949, V.A.M.S. Respondents' theory is that appellant's notice of appeal was filed too late to be effective because it was filed 21 days after the entry of the court's order sustaining respondent's motion; and that the order entered sustaining the motion to pay the judgment out of the deposits was a special order "after final judgment in the cause" as contemplated by Section 512.-020, supra, and notice of appeal should have been filed within ten days as required by Supreme Court Rule 3.24.

Appellant has made no reply to respondents' contention that appellant's motion to vacate did not delay the finality of the court's order sustaining respondents' motion; and that the notice of appeal filed more than ten days after the order was entered was not timely filed. However, we do not consider the order and judgment appealed from to be what is referred to in Section 512.020 RSMo 1949, V.A.M.S. as "any special order after final judgment in the cause," rather we must hold that the appeal is from a "final judgment in the case." Appellant was not a party to the original cause which was an action on an insurance policy. There was no prior judgment in so far as appellant was concerned and, as between appellant and respondents, the order in question was not "any special order after final judgment in the cause." Appellant's appeal was from the order and judgment entered against him and was not an appeal required to "be taken within ten days after such order is entered." Supreme Court Rule 3.24. While respondents' motion to require appellant to pay respondents' judg-

ment out of deposits made by defendant with third party, as Superintendent of the Division of Insurance of Missouri, was filed after judgment on respondents' cause of action against the I.C.T. Insurance Company, the motion presented a matter in the nature of an independent proceeding, wherein the relief sought was wholly dependent upon the pleading and proof of facts which would sustain the court's action in granting the relief sought against one who was not a party to the original action, or to the judgment entered therein. See Olson v. Olson, Mo.App., 184 S.W.2d 768, 771(1, 2); In re Jackson's Will, Mo.App., 291 S.W.2d 214, 219; Laumeier v. Sammelmann, 218 Mo.App. 468, 279 S.W. 249, 251; Erskine v. Loewenstein, 82 Mo. 301, 304.

■ Assuming without deciding that the motion to vacate did not serve the purpose of a motion for a new trial, nevertheless the notice of appeal was timely filed. Supreme Court Rule 3.24, as amended January 12, 1954; Section 512.050 RSMo 1949, V.A.M.S. Nor was a motion for a new trial necessary to preserve for appellate review the allegations of error presented by appellant, since we construe the issues presented to be within the exceptions mentioned in Supreme Court Rule 3.23, including "questions of jurisdiction over the subject matter, questions as to the sufficiency of the pleadings to state a claim or defense, (and) questions of the sufficiency of the evidence to support the judgment in cases tried as provided by Section 114" (Section 510.310 RSMo 1949, V.A.M.S., to wit, cases tried by the court without the aid of a jury). The motion to dismiss the appeal is overruled.

■ In support of its assignment of error on the merits of the cause, appellant contends that the effect of the judgment is that "a single policyholder in Missouri who has an unsatisfied judgment against a foreign insurance company which is in receivership in such foreign state has priority over other Missouri policyholders in such company on funds held by the Superintend-

ent of the Division of Insurance of Missouri." Appellant further contends that Section 375.490, supra, must be construed with Sections 375.460 and 375.500 RSMo 1949, V.A.M.S.; that when so construed with Section 375.490, supra, is inapplicable under the facts here; and that, in view of the insolvency of the defendant insurance company, the court should "make and enforce the necessary orders to place said securities (deposited with appellant), or any part of them, at the sole disposal of the superintendent," so that there can be a "liquidation of policy claims pro rata."

Section 375.490 RSMo 1949, V.A.M.S., on which respondents have predicated their rights in this cause, is a single statute found in Chapter 375 RSMo 1949, V.A.M.S., which chapter contains general provisions applicable to all insurance companies. It is appellant's contention that "related statutes found in Chapter 375, RSMo 1949, [V.A.M.S.] offer additional proof that respondents failed to state a cause of action in their motion under Section 375.490 RSMo 1949 [V.A.M.S.]," and that the judgment entered on respondents' motion must be reversed.

Appellant relies particularly on Sections 375.460 and 375.500, supra, apparently having to do with the liquidation of insolvent domestic insurance companies and the distribution of their assets. Appellant further points to the fact that Section 375.460 contains a reference to "cases arising under Section 375.490," but we think the reference was made to facilitate the purpose of Section 375.490 and that it does not support appellant's position in this case.

Section 375.460, in part, provides: " * * that in case the company having such securities on deposit shall be adjudged insolvent, or be dissolved, or in cases arising under section 375.490, the court shall make and enforce the necessary orders to place said securities, or any part of them, at the sole disposal of the superintendent."

Appellant concedes that in the case of State ex inf. McKittrick ex rel. Maloney v.

Fidelity Assurance Ass'n, 352 Mo. 725, 179 S.W.2d 67, 69–70, the court pointed out that "no provision has been made by the legislature of our state for the winding up of an insolvent foreign insurance company." Appellant suggests that "the decisive issue to be determined in this appeal is whether the interests of Missouri policyholders and creditors of a foreign insurance company in receivership in the foreign state are to be measured by the declared public policy of Missouri in relation to the interests of policyholders and creditors of an insolvent insurance company domiciled in Missouri." Appellant finally refers to general statements with reference to the insurance code and appellant's duties as appearing in the following cases: State ex inf. McKittrick ex rel. Maloney v. Fidelity Assurance Ass'n, supra, 179 S.W.2d 67, 70; McDonald v. Pacific States Life Insurance Company, 344 Mo. 1, 12, 124 S.W.2d 1157; Holloway v. Federal Reserve Life Insurance Co., D.C., 21 F.Supp. 516, 518, 519.

While appellant by answer alleged that the I.C.T. Insurance Company had been dissolved and placed in permanent receivership for liquidation in the State of Texas, and contended that Section 375.490 RSMo 1949, V.A.M.S., was not applicable to the situation involved, and while appellant admitted that, as Superintendent of the Division of Insurance of the State of Missouri, he had in his possession deposits aggregating $10,000, as stated, he did not attempt to proceed under any of the sections of the statutes now referred to, nor did he ask the court, or any other court so far as the record discloses, to take any action for the liquidation of any policy claims pro rata, nor did he contend that said funds have been impounded by the order of any court in this state. While the answer alleged that "it has not been possible for the Superintendent of the Division of Insurance to determine what lawful taxes and debts are due the State of Missouri by I.C.T. Insurance Company," there is no allegation that there were any other claims, policy claims or otherwise, against said insolvent foreign insurance company by any claimants resident in this state.

So long as no action had been taken to impound and subject the mentioned deposits of the I.C.T. Insurance Company in the hands of appellant to the payment of claims of all claimants and policyholders of said company in this state on a pro rata basis or as provided by Section 375.500, we think that Section 375.490, supra, gave respondents, as judgment creditors of the said Insurance Company, an unqualified right to have said deposits applied to the payment of their judgment in the manner provided by the mentioned statute and as done in the order of the Circuit Court from which the present appeal was taken. See Relfe v. St. Louis Mutual Life Ins. Co., 13 Mo.App. 184, 186.

■ The dissolution decree and appointment of a receiver by the District Court of Travis County, Texas, could not impound the assets of the mentioned Insurance Corporation in this state which were then on deposit with the Superintendent of the Division of Insurance of Missouri under Section 375.450 and subject to the provisions of Section 375.490, and which assets were pledged as security for the benefit of Missouri policyholders of defendant company and for the purposes provided by the statute, prior to the date of the Texas decree. See Relfe v. Columbia Life Ins. Co., 10 Mo. App. 150, 164; 44 C.J.S. Insurance § 81, p. 572.

In the case of State ex inf. McKittrick ex rel. Maloney v. Fidelity Assurance Ass'n, supra, 179 S.W.2d 67, 70, the court said: "Had assets been deposited with appellant (Superintendent of the Insurance Department of the State of Missouri) to secure Missouri policyholders of Fidelity or had appellant been possessed of assets of Fidelity, then, upon the adjudication of its insolvency none could successfully deny that it would have been his·duty to urge that the rights of claimants, in such assets, secured or otherwise, should be adjudicated in courts having competent jurisdiction." See,

also, State ex rel. Hyde v. Falkenhainer, 309 Mo. 381, 274 S.W. 722, 725(1). However, in the present case no action was taken by appellant and the rights of respondents have attached.

We think the facts in this record fully distinguish this case from the holding in McDonald v. Pacific States Life Ins. Co., 344 Mo. 1, 124 S.W.2d 1157; and in Relfe v. St. Louis Mutual Life Ins. Co., supra, 13 Mo.App. 184, neither of which are relied upon by appellant as being decisive of the issues presented.

The judgment is affirmed.

All concur.